MILLER BROTHERS et al. v. PERKINS, Judge.

In Banc, March 5, 1900.

1. **Receiver: POWER OF COURT TO APPOINT.** A circuit court has no power to appoint a receiver to take charge of defendant's property, not in the custody of the court, in an ordinary action at law for the mere recovery of a money judgment. The power exists in actions at law only by virtue of some statutory enactment, and there is no statute conferring such power in an ordinary action for a money judgment.

2. ———: ———: JURISDICTION OF THE RES. Jurisdiction to appoint a receiver can not be acquired simply by a petition therefor or by the appointment of one. Jurisdiction of the *res* is essential to the power to appoint a receiver, without which such power does not exist.

*Prohibition.*

WRIT AWARDED.

*Tucker & Moore* and *Thurman, Wray & Timmonds* for relators.

(1) It has been settled by the repeated decisions of this court as well as the Act of 1895, that the remedy by prohibition is available for the purpose of keeping a court within the compass of its legitimate judicial action as defined by law, and a proper remedy to prevent a court from asserting or assuming jurisdiction in any case where, under the facts, the law does not authorize the exercise of such jurisdiction. State ex rel. v. Ross, 122 Mo. 461; Railroad v. Wear, 135 Mo. 256; State ex rel. v. Hirzell, 137 Mo. 447; Laws 1895, p. 95. (2) The jurisdiction of circuit courts to appoint receivers for corporations, is limited by law, and when such limitation is exceeded, the action of the court is void and subject to collateral attack. State ex rel. v. Ross, 122 Mo. 461; Smith on Receivers, pp. 10, 14; Beach on Receivers, sec. 63. (3) The jurisdiction of a court of law to appoint a receiver is limited to two classes of cases, provided for by our statutes. The first is the provision made by the Practice Act, where money or property is the proper subject of tender, or where it is necessary to preserve property or any business pending litigation in relation to such property or business. Sec. 2193, R. S. 1889; State ex rel v. Gambs, 68 Mo. 297. The second is where some officer of a corporation has been guilty of misconduct in the management of the affairs of the corporation. Secs. 2790, 2791, 2792, R. S. 1889; Glover v. Bond Inv. Co., 138 Mo. 416. (4) The fact that a corporation is insolvent, and that a judgment and execution, when procured, would be ineffective in obtaining or requiring the payment of the debt, will not authorize the appointment of a receiver.

Estees v. Wilcox, 67 N. Y. 264; Abee v. Bigler, 81 N. Y. 349; Matter of B. G. E. Co., 143 N. Y. 261; Pond v. Railroad, 130 Mass. 194.

*W. Cloud & Davis* and *Cole & Burnett* for respondent.

(1) Judge Stratton had the power to act, under the statute and also at equity, upon the general and abstract question of the appointment of receivers. The only limitation on the power of the circuit court or judge thereof in vacation is that a suit shall be pending in the court. Sec. 2193, R. S. 1889; 109 Mo. 222; 107 Mo. 585; 68 Mo. 289; 92 Mo. 318; 86 Mo. 505. And having that power, the power to determine and adjudge whether the particular facts presented to him called for the exercises of the abstract power, it can not be called in question in this character of a proceeding. State ex rel. v. Scarritt, 128 Mo. 331. (2) While it is a general rule that a receiver will not be appointed at the instance of a general creditor, there is, however, an exception to the rule. If the corporation acknowledges the debt, and it is clear that the corporation is insolvent, and that the obtaining of a judgment and the return of an execution unsatisfied will be a useless formality, the court has power to appoint at the instance of a simple creditor. 3 Cook on Corps., sec. 863; 5 Thompson on Corps., secs. 6037, 6840, 6841; Thompkins Co. v. Catawba Mills, 82 Fed. Rep. 780. (3) Whatever may have been the errors committed by the court in appointing a receiver on the original petition, yet the court having acted without exception or objection and upon amended petition, the receivership being fully affirmed, all prior errors are cured, and the original defendants could not have afterwards been heard to object, much less these who voluntarily come in after errors complained of had been cured. Fields v. Maloney, 78 Mo. 172; Hughes v. McDivitt, 102 Mo. 84.

BRACE, P. J.—This is an original proceeding in this court for a writ of prohibition against defendant as judge of the circuit court of Jasper county.

The questions to be decided arise upon a demurrer to the return of the defendant to the preliminary rule to show cause; from which it appears: That the First National Bank of Lamar is a banking corporation located at Lamar, Missouri. The Lamar Water & Electric Light Company is a corporation located at the same place and engaged in operating a water and electric light plant in said city. The First National Bank on the 14th day of October, 1898, filed suit in the Barton county circuit court, against the Lamar Water & Electric Light Company, J. Guinney, E. Bennett and J. D. Porter, on a promissory note for $1,500, executed by said parties to the bank. The petition is in ordinary form and no relief is prayed except judgment on said note for the debt, interest and costs. Summons was issued against the defendants in said suit, and served on all of them in due time for the January term, 1898, of the Barton county circuit court. On October 15, 1898, an application or petition was presented to the Hon. D. P. Stratton by the plaintiff in the suit on the note, and entitled as in said suit, praying the court to appoint a receiver to take charge of the property of the Lamar Water & Electric Light Company, alleging that the plaintiff in said application had brought said suit on the note as hereinbefore set forth, and that the Lamar Water & Electric Light Company owned certain property, real and personal, describing it, and that the other defendants were insolvent; that the plaintiffs herein, Miller Brothers, H. B. Allen and others had obtained judgments against the Lamar Water & Electric Light Company, and that Thurman & Wray were seeking to obtain judgment against said company, and that there were many other current debts unpaid; that those having judgments were seeking to enforce the same by executions, and that de-

fendant, Lamar Water & Electric Light Company, had mortgaged its property to secure bonded indebtedness aggregating a large sum of money; that the company was "involved by reason of the premises," and that unless a receiver was appointed, plaintiff and other creditors would be defeated in the collection of their claims, even if judgment was rendered in their favor, and the property of the defendant would be sacrificed and lost without benefit to creditors, and concluded with a prayer for a receiver to be appointed with authority to take charge of the property of the defendant corporation. The application for the appointment of a receiver was verified by affidavit, notice of its presentation to Judge Stratton was accepted by the president and general manager of the defendant corporation, who was present and appeared for said corporation at the appointment of the receiver by Judge Stratton, in vacation. The order appointing the receiver in vacation by Judge Stratton, found the allegations in the petition were true, and appointed M. T. Davis, of Aurora, Lawrence county, Missouri, receiver, with authority to take possession of the property of the defendant corporation, etc. The petition and order appointing M. T. Davis receiver, was, on the 17th day of October, 1898, filed in the office of the clerk of the circuit court of Barton county, and Davis duly qualified and filed a bond in the sum of twenty thousand dollars, which was approved. At the January term of the circuit court of Barton county, commencing on the 2d day of January, 1899, and on the first day of the term, one of the plaintiffs herein, H. B. Allen, filed a motion to vacate the order appointing Davis receiver, in which motion he set forth his interest in the property of the Lamar Water & Electric Light Company, as a judgment creditor, the reasons for vacating the order appointing the receiver and for discharging him, being set out in the motion, the principal one of which is that the court had no jurisdiction to appoint a receiver, under the facts stated in the petition, as shown by the record. Pending the motion the

defendant, Lamar Water & Electric Light Company, by its general manager, J. Guinney, filed its affidavit for a change of venue on the ground of the prejudice of the judge; Allen filed his motion for leave of the court to levy his execution, which was withdrawn, and the venue in said cause was, on stipulation, signed by the president of the bank and the president of the water company, changed to Jasper county, Missouri, without the motion of plaintiff Allen to revoke the appointment having been passed on.

In the circuit court of Jasper county on the ——— day , of March, 1899, plaintiff filed in said court what is designated as an "amended and additional petition." This petition was not verified, and made the persons alleged to be holders of the bonds of said company defendants, alleging that there were other creditors, whose names and amounts of their claims were unknown, and left out the names of Guinney, Bennett and Porter, which were in the original petition. On the 22d day of April, 1899, the plaintiff, the First National Bank, filed its motion to strike out the motion of H. B. Allen to revoke the order appointing the receiver, pending which motion, the plaintiffs herein, Miller Brothers and Thurman & Wray, filed their separate applications to be made parties defendants, which application set forth their interest as judgment creditors, having a lien upon the property of the Lamar Water & Electric Light Company, and that their interests and rights were being interfered with in said cause, which application was verified by affidavit, and states that the answer accompanies the application. This application was sustained by the court and Miller Brothers and Thurman & Wray were made defendants. Thereupon they filed their special plea to the jurisdiction of the court, seeking to have the order appointing the receiver revoked, on the ground that the appointment was without authority and procured by fraud between plaintiff and the original defendant corporation in said cause, to prevent judgment creditors from enforcing their legal rights against

the property of the defendant corporation, and further setting forth the fact that the Lamar Water & Electric Light Company had no office or place of business in Jasper county, Missouri, and that its property and effects were situated in Barton county, Missouri, where its office and place of business was kept. To this answer or plea to the jurisdiction of the court the plaintiff, the First National Bank of Lamar, filed its demurrer which assigned as grounds for such demurrer that the facts stated in the answer constituted no defense, which demurrer was sustained. An application was on the same day filed by H. B. Allen to be made party defendant, which application was by the court sustained, and the plaintiff filed its motion to set aside the order of the court making Miller Brothers, Thurman & Wray and H. B. Allen, plaintiffs in this cause, defendants in that cause, which motion was by the court overruled. Afterwards on the same day, the motion of H. B. Allen to revoke the order appointing the receiver, made by Judge Stratton 'and to discharge the same, was heard and overruled.

On April 24th, 1899, the plaintiffs herein filed their joint motion to revoke the order appointing said receiver, made by Judge Stratton, and to dismiss plaintiff's proceeding for that purpose and revoke the appointment of a receiver in said cause. This motion was by the court overruled, and thereupon the plaintiffs in this cause filed their demurrer to the amended petition, which demurrer was overruled, and the court without hearing any testimony ordered and adjudged that the appointment of the receiver by Judge Stratton be made permanent and in all things affirmed. On the same day these plaintiffs filed their motion to set aside said order, as well as all other rulings made by the court adverse to the plaintiffs herein, and praying the court to revoke the appointment of a receiver, which motion was overruled, and thereupon the plaintiffs filed their affidavit for an appeal to the Supreme Court, and on the following day, to-wit, April 25, 1899, filed

their motion praying the court to fix the amount of the appeal bond in said cause, which motion was sustained by the court and an appeal bond fixed at ten thousand dollars, which was given by plaintiffs herein, and duly approved by the court. After the approval of the appeal bond, these plaintiffs had executions, before issued on their several judgments, levied on the property of the defendants.

Afterwards, on the 12th day of May, 1899, the Union Trust Company and certain other defendants therein named, filed an answer in the nature of a cross bill, praying the foreclosure of their mortgage, etc.; and the defendant, Lamar Water & Electric Light Company, voluntarily entered its appearance, and the circuit court of Jasper county, Missouri, made its order, judgment and decree directing the foreclosure and sale of the property by the trustee in said deed of trust named, and not by its receiver. After making such order, the said circuit court of Jasper county made its order requiring these plaintiffs to appear on the 27th day of May and show cause why they should not be attached for contempt of that court in having levied their executions upon the property of the defendant, the Lamar Water & Electric Light Company, reciting that the same was still in the custody of the court.

Upon this state of facts plaintiffs claim that the appointment of a receiver in the case of the bank against the water and electric light company, then pending in the Barton county circuit court, by Judge Stratton in vacation, and all the proceedings thereafter in that case pertaining to such receivership, in that court and in the circuit court of Jasper county to which the venue was changed, were, *coram non judice*, and ask that the defendant as judge of the latter court be prohibited from further exercising such assumed but unauthorized jurisdiction.

"The power to appoint a receiver of property is equitable in its nature and inherent only in a court of chancery or other

court exercising equitable jurisdiction. The appointment of a receiver is not the ultimate end and object of litigation, but is merely a provisional remedy to control and preserve property, pending litigation, that the relief awarded, if any, may be effective . . . . . . As a necessary result of the ancillary character of the remedy, the appointment can be invoked only in a pending suit brought to obtain some other relief which the court has jurisdiction to grant. An exception to the general rule is said to exist in the case of receiverships over the estates of infants and lunatics." [17 Ency. of Plead. and Prac., p. 681 et seq.; State ex rel. v. Ross, 122 Mo. 435; Beach on Receiver (Alderson's Ed.), sec. 57.]

By the Constitution and laws of this State circuit courts are courts of general original jurisdiction and are invested with the power appertaining to both courts of equity and of law, and as courts of equity have the inherent power to appoint a receiver in all cases pending in such courts of equitable cognizance. [Cox v. Volkert, 86 Mo. 505.] And if the case pending in the Barton circuit court had been of that class, the appointment of the receiver by Judge Stratton would have been within the jurisdiction of that court, and the appointment impervious to attack in this proceeding. But that suit was not of that class. It was an ordinary action at law for the recovery of a money judgment and nothing more.

Circuit courts in actions at law have no inherent power to appoint a receiver; if it exists at all in any given case, of that class, pending in such courts, it is by virtue of some statutory enactment. In quite a number of special actions and proceedings authorized by statute, provision is made for the appointment of a receiver. [Revised Statutes 1899, secs, 993, 1113, 1305, 1339, 1407, 1469, 1539, 3648 and 4150.] But these provisions have no application to the case in hand. In actions at law, circuit courts are also authorized to appoint a receiver supplemental to execution (Ib. sec. 3175), and where a writ of attachment is sued out in aid thereof (Ib. sec. 395).

But neither have these provisions any application to the case in hand, and nowhere in the statutes, is to be found any provision by which authority is given to the circuit court to appoint a receiver in such a case unless it can be found in the Code of Civil Procedure, section 753, which reads as follows: "The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be subject of a tender, and to keep and preserve all property and protect any business or business interest intrusted to him pending any legal or equitable proceeding concerning the same, subject to the order of the court."

This statute was evidently intended to apply to suits in equity as well as to actions at law and to confer express authority upon the circuit court and the judge thereof in vacation, to appoint a receiver in any case belonging to either class pending in such courts wherein any money, property, or business has come into the custody or control of the court by virtue of such action, and concerning which the litigation is pending, to the end that the same may be preserved to abide the result thereof.

But in an ordinary action at law to recover a money judgment, no money, property or business comes into the custody or control of the court for that or any other purpose before judgment. And this statute can have no possible application to the case in hand.

Jurisdiction to appoint a receiver can not be acquired simply by a petition therefor or by the appointment of one. Jurisdiction of the *res* is essential to the power to appoint a receiver thereof, without which, such power can not exist. So that it is apparent on the face of the return, that as the suit of the bank against the water company was not one of equitable cognizance, the circuit court of Barton county had no inherent power to appoint a receiver therein, and as no such

power is inherent in a court of law or was conferred by statute; the appointment of the receiver by Judge Stratton in vacation was *coram non judice*, and being wholly without authority of law, was absolutely void, as were all the subsequent proceedings in that behalf, in that and the Jasper circuit court, based upon that appointment. Such being the case it becomes unnecessary to consider the various questions raised in the briefs of counsel, growing out of the chapter of errors that followed this void appointment.

The writ of prohibition will be granted as prayed for.

All concur, except *Sherwood, J.*, absent.