THE STATE ex rel. JOHN W. CALHOUN, Judge of Circuit Court; JOHN H. CONRADES et al., Receivers of BLUE BIRD MANUFACTURING COMPANY; WALTON & SPENCER COMPANY, and OSCAR MANDEL et al., Comprising Firm of MANDEL & SCHWARZMANN, v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, July 22, 1921.

1. **CERTIORARI: To Court of Appeals: Extent of Review: Error.** Upon *certiorari* the Supreme Court will not determine whether the Court of Appeals erred in the application of the law to the facts stated in its opinion, but will only determine whether, upon the facts, it announced some conclusion of law contrary to the last previous ruling of the Supreme Court upon the same or a similar state of facts.

2. ———: ———: **Appointment of Receiver: Jurisdiction Based on Facts.** If the Court of Appeals, in prohibition, erred in holding that the petition filed in the circuit court did not show jurisdictional facts sufficient to warrant the appointment of a receiver for a corporation, it erred in a matter of opinion, and the facts being not the same or similar to those in other cases decided by the Supreme Court, its opinion cannot be quashed on *certiorari.*

3. ———: ———: ———: **Resignation of Officers: Prohibition: After Judgment Rendered.** Three individuals had been appointed receivers of a corporation, which owned fifty-one per cent of the capital stock of another corporation, whose directors and officers had resigned, and on the following day said three receivers applied for the appointment of a receiver for said other corporation, alleging in their petition their ownership of fifty-one per cent of its capital stock and the resignation of said directors and officers, and that because of their resignation its assets were in danger of being utterly wasted and dissipated, and that its assets were being subject to attachment suits. The Court of Appeals, in a prohibi-

State ex rel. Calhoun v. Reynolds.

tion proceeding, held that the resignation of the officers and directors did not create such a condition of extreme necessity as called for the appointment of a receiver on the next day after their resignation, and that the petition did not demonstrate that the petitioners had no other adequate remedy, and that therefore the circuit court, under the circumstances and in view of the allegations, had no jurisdiction to appoint the receiver. *Held*, on *certiorari*, that the facts, as stated in the opinion of the Court of Appeals, are in no way analogous to the facts of the cases of State ex rel. v. Shields, 237 Mo. 329, and State ex rel. v. Mills, 231 Mo. 493, and its opinion did not contravene the ruling in those cases. *Held*, further, that, although the Court of Appeals, by its judgment, may have interfered with the action of the circuit court, after that court had determined and assumed jurisdiction upon the facts before it, nevertheless, it cannot be said, because of the dissimilarity of the facts in this and other cases, that there is a contrariety of opinion.

4. ———: ———: ———: **Resignation of Corporate Officers: The Price Case.** It was not ruled in the case of Price v. Trust Co., 178 S. W. 745, that a court of equity has jurisdiction to appoint a receiver for a corporation which has no officers or directors where its property is threatened with waste or sale or dissipation, but what was there said at page 749 was either *obiter* or made *arguendo;* but even if it had been there so ruled, the opinion of the Court of Appeals in the instant case would not conflict therewith, because the facts involved are not similar. But it was ruled in the Price Case that the appointment of a receiver is not the only *desideratum* in any case, but is only ancillary to some other action having some definite relief in view, and the petition filed in the circuit court in the instant case, as epitomized in the opinion of the Court of Appeals, discloses that the appointment of a receiver was the only *desideratum* contemplated.

## *Certiorari.*

Writ quashed.

*Smith & Pearcy* for relators.

(1) The trial court had jurisdiction as a court of equity to appoint a receiver for a corporation that was without directors or officers and whose assets were in instant danger of dissipation. Price v. Bankers Trust

Co., 178 S. W. 749. The simultaneous resignation of all officers and directors who at once abandoned the property of the corporation, in the face of attachment suits and levies, being made in many states, and the peril of complete loss of the assets of the corporation, creates such an exception to the general rule that a court of equity, upon having such a state of facts properly called to its attention, will not hesitate to appoint a receiver. 4 Pomeroy's Eq. Jur. (4 Ed.) p. 3630, sec. 1545; High on Receivers (4 Ed.) pp. 350-1; Beach on Receivers (2 Ed.) p. 455; Tardy's Smith on Receivers (2 Ed.) p. 717; Clark on Receivers, p. 233; Lawrence v. Ins. Co., 1 Paige Ch. 587; Thompson v. Greeley, 107 Mo. 577, 586; Ford v. Ry. Co., 52 Mo. App. 439, 448; Boyle v. Sup. Court, 176 Cal. 671; Note L. R. A. 1918 D, p. 229; Re Belton, 47 La. Ann. 1614, 30 L. R. A. 648; Brick Works v. Trust Co., 157 Ind. 292, 87 Am. St. 207; Bent v. Saw Mill Co., 43 L. R. A. (N. S.) 720; Boothe v. Mining Co., 55 Wash. 167, 19 Ann. Cas. 1255, 1258. (2) Where the jurisdiction of a court to hear and determine a case rests upon the facts, the supervisory court will not, by prohibition, preclude such court from determining its jurisdiction from the facts, and after it has determined its jurisdiction from the facts, will not interfere, for the reason that such matter then becomes mere error and can be reached by appeal. State ex rel. v. Shields, 237 Mo. 329; State ex rel. v. Mills, 231 Mo. 493, 500. Where the circuit court has jurisdiction of a general class of cases to which the suit sought to be prohibited belongs, the writ of prohibition will not lie to prevent its exercise merely because of the incapacity of a petitioner to maintain the proceeding, an erroneous ruling by the trial court in that regard, being reviewable like any other error. State ex rel. v. Ry. Co., 100 Mo. 59. (3) Even though a petition in a receivership suit fails to state a cause of action and the showing made to obtain the appointment of the receiver is defective, nevertheless, prohibition will not lie at the instance of a resident creditor who has been

cited for contempt, for having filed suit against said corporation in another state after the appointment of the receiver. State ex rel..v. Scarritt, 128 Mo. 331, 337. (4) Where the trial court has .power to deal with the subject-matter, it has the power to decide whether the pleadings are properly drawn or not, and whether the plaintiff is entitled to relief shown or not, and its jurisdiction is.not impaired by any consideration of whether it acted correctly or erroneously. Schubach v. McDonald, 179 Mo. 163, 182. (5) In the trial court, where pleadings often need amendment, the determinative question, when prohibition is invoked, is not one of mere pleadings but the question of jurisdiction in its strictest sense. State ex rel. v. McQuillin, 262 Mo. 256, 266, 269. (6) The statutes make no provision for holding a stockholders' meeting instantaneously (unless all the stockholders consent and waive notice). Where there are no officers or directors, seven days' notice is required and the call for the meeting must be by two stockholders. The rule is not otherwise, even though one stockholder holds fifty-one per cent of the stock and his stock is held in trust by three trustees. Secs. 9724-6, R. S. 1919.

*G. T. Priest* for respondents.

(1) The first general rule laid down by the court in its opinion is that it is jurisdictional for a court of equity to take cognizance of a petition by a stockholder, asking relief, concerning internal domestic affairs of his company, that the petition must show some effort on the part of the stockholder to remedy the condition complained of. The last controlling decision of this court on this point is Vogeles v. Punch, 205 Mo. 558, which so holds. (2) The second general rule laid down by the court in its opinion is that the appointment of a receiver is ancillary to some main proceeding or cause of action. It is dependent upon some justiciable right in issue between the parties plaintiff and defendant; that a

pure receivership proceeding is unknown to our practice. The last controlling decision of this court upon this point is Price v. Trust Co., 178 S. W. 745, which so holds. (3) The third general rule of law laid down by the Court of Appeals in its opinion is that a court of equity may in cases of extreme necessity appoint receivers. The court cited the case of Thompson v. Greeley, 107 Mo. 577, and quoted language to that effect. The court, in applying the foregoing general principle of law to the facts found by it, held: First, that the circuit court had no jurisdiction to appoint a receiver, because the petition showed on its face that the stockholders had failed to make any effort to remedy the condition they complained of; that if they had so acted, being the majority stockholders, they could have remedied the condition without applying to a court of equity. Second, that the petition filed in the circuit court by the plaintiffs therein disclosed no main cause of action or right for decision by the circuit court, to which the appointment of a receiver of the corporation was ancillary. The court held that the petition showed on its face that it was a pure receivership proceedings and nothing else. Third, that the petition for appointment of receivers by the stockholders, because of the abandonment of the corporation by its officers and directors filed the day after the alleged abandonment, did not show a condition of extreme necessity warranting the appointment of a receiver. (4) So long as the Court of Appeals announces in its opinion correct rules of law, as laid down by this court, this court cannot interfere with the judgment reached; except that the Court of Appeals reaches a different conclusion upon an identical or similar state of facts heretofore ruled upon by this court. This court has no power or authority to inquire into correctness of the judgment on the record, as found by the Court of Appeals. State ex rel. v. Broaddus, 216 Mo. 343. (5) The Court of Appeals may be in error in holding that the petition filed by the stockholders in the

circuit court does not show jurisdictional facts in relation to the effort the law requires stockholders to make towards remedying the evil they complained of before applying to a court of equity for the relief asked and the incidental appointment of a receiver, but this court cannot review the opinion of the Court of Appeals on this point, for so to do would be to attack the judgment of that court collaterally. If the Court of Appeals has erred, it has erred as a matter of judgment on the record before it and not because it has refused to follow the opinions of this court. State ex rel. v. Reynolds, 213 S. W. 808. (6) Upon the precise point involving the precise questions of fact before the Court of Appeals, its opinion is one of first impression in this State. There is no opinion by this court involving identical or similar facts, and that is why it was impossible for the opinion of the Court of Appeals to be in conflict with any opinion of this court, as a result of the misapplication of correct principles of law. State ex rel. v. Farrington, 272 Mo. 162.

ELDER, J.—Relators seek by writ of *certiorari* to quash a judgment entered by the St. Louis Court of Appeals in an original proceeding in prohibition brought at the relation 'of George T. Priest against John W. Calhoun, Judge, which judgment restrains and enjoins the respondent judge from proceeding further in the suit of J. H. Conrades et al. v. Blue Bird Appliance Company, pending in the Circuit Court of the City of St. Louis, in which suit the said judge had theretofore appointed a receiver for the said Blue Bird Appliance Company. The death of respondent herein, the Honorable GEORGE D. REYNOLDS, having been suggested, this cause has been revived against the Honorable CHARLES H. DAUES, successor judge of the St. Louis Court of Appeals.

The facts in the proceeding in prohibtion, which are most relevant to this review, are thus stated in the opinion of the Court of Appeals:

"It appears that on May 25, 1920, John H. Conrades, Thomas Mellow and Ben G. Brinkman were by the Circuit Court of the City of St. Louis appointed receivers of a certain corporation known as the Blue Bird Manufacturing Company, and that said receivers took charge of all of the assets of the said company under their powers as receivers of said company, and that amongst said assets were fifty-one per cent of all of the capital stock of a corporation known as the Blue Bird Appliance Company, a Missouri corporation.

"On June 19, 1920, said John H. Conrades, Thomas Mellow and Ben G. Brinkman, as receivers of the said Blue Bird Manufacturing Company, and as such owners of fifty-one per cent of the capital stock of the Blue Bird Appliance Company, filed a suit in the Circuit Court of the City of St. Louis, wherein said receivers asked for the appointment of a receiver for the said Blue Bird Appliance Company, and upon the same day a temporary receiver was duly appointed and qualified. Thereafter the court, on August 20, 1920, appointed a permanent receiver, upon the giving of a bond in the sum of $25,000, which bond was on the same day filed, presented and approved by the court, since which time the judge of the circuit court, respondent herein, has retained jurisdiction of the said case continuously, and the receiver, since the date of his appointment as permanent receiver, and up to the time of the filing of the application for a writ of prohibition herein, has continued in charge of and in control of the property of the said Blue Bird Appliance Company.

"The main allegations set out in the petition of the said Conrades et al., receivers of the Blue Bird Manufacturing Company, and as such holders of fifty-one per cent of the capital stock of the Blue Bird Appliance Company, in which petition the appointment of a receiver for the said Blue Bird Appliance Company is sought (as appears from the respondent's return herein) are:

" 'A.   The plaintiffs in said cause were stockholders owning $5,100, par value, of the capital stock of the defendant corporation, whose total capital was $10,000, and were also creditors to the extent of approximately $450,000.

" 'B.   That the assets of the defendant corporation located in various states were being subjected to attachments suits, levies and other forms of waste, and that all of. said assets were in danger of being utterly destroyed and dissipated.

" 'C.   That all of the directors, officers, managers and executives of the defendant company had, on the 17th day of June, 1920, resigned and abandoned the property and assets of the defendant corporation, and defendant corporation was without any officers, directors, managers or executives.

" 'D.   That unless a receiver were appointed by the court the value of plaintiffs' stock in the defendant corporation would be utterly destroyed, and the value of plaintiffs' claim would be utterly destroyed.

" 'E.   The prayer was for the appointment of a temporary receiver, an inquiry by the court into all the facts alleged, the appointment of a permanent receiver and for all general and equitable relief that to the court under the circumstances might seem meet and proper.'

"On October 19, 1920, a petition in bankruptcy was filed in the United States District Court for the Eastern District of Missouri by certain creditors against the Blue Bird Appliance Company.   One of the grounds of alleged bankruptcy of the said Appliance Company set forth in the bankruptcy petition is the appointment of a receiver for the said Blue Bird Appliance Company in the cause of Conrades et al. v. Blue Bird Appliance Company, above mentioned."

The opinion further recites that the application for the writ of prohibition contains averments that the relator Priest is a creditor of the Blue Bird Appliance Company in the sum of $7500 and had attempted to per-

289 Mo.—33

fect a lien therefor by attachment proceedings, but that the aforesaid bankruptcy proceeding was designed to defeat the said lien; that although interested in defeating the proceedings in bankruptcy, he (the relator Priest) could not therein attack the appointment of the receiver for the said Blue Bird Appliance Company, as such attack would be collateral, but that the only course open to him was to raise the question of jurisdiction by a direct proceeding; that the circuit court was without jurisdiction to appoint a receiver in the suit of Conrades et al. v. Blue Bird Appliance Company, such lack of jurisdiction appearing upon the face of the petition filed in said cause.

Proceeding, the opinion recites that respondent's return to the preliminary rule issued shows that the relator Priest had been an officer and director of the Blue Bird Appliance Company up to the 18th day of June, 1920, on which day he, with the other officers and directors of the company, had resigned as such officers and directors; that immediately after resigning as officers and directors of the Blue Bird Appliance Company all of the stockholders of that company, except relator Priest (who owned one share) and the aforesaid Conrades, Mellow and Brinkman, receivers of the Blue Bird Manufacturing Company, left the City of St. Louis.

Further matters pertinent to a determination of the contentions of relators herein, as to why the judgment of the Court of Appeals should be quashed, will be adverted to in the course of the opinion.

I. At the threshold of a consideration of the questions presented by relators, let us re-affirm the doctrine which we have firmly enunciated in our most recent pronouncements, to-wit, that in *certiorari* it is not our province to determine whether the Court of Appeals erred in its application of rules of law to the facts stated in its opinion, but only whether upon those facts it announced some conclusion of law contrary to the last previous ruling of this court

Extent of Review.

upon the same or a similar state of facts. [State ex
rel. American Packing Co. v. Reynolds, 287 Mo. 697;·
State ex rel. Peters v. Reynolds, 214 S. W. 1. c. 122;
State ex rel. Mechanics' Amer. Natl. Bank v. Sturgis,
276 Mo. 559, 208 S. W. 1. c. 462; Majestic Mfg. Co. v.
Reynolds, 186 S. W. 1072.]

Relators in their brief assign nine grounds of error,
wherein it is alleged that the Court of Appeals failed to
follow the last controlling decision of this court. All
but two thereof are entirely foreign to the purview of
*certiorari,* when measured by the rule above quoted.
These two we shall discuss in order.

II.  Relators urge that the opinion of the Court of
Appeals is in conflict with State ex rel. v. Shields, 237
Mo. 329, and State ex rel. v. Mills, 231 Mo. 493, 500,
which hold, as relators say, "that where the jurisdic-
tion of a court to hear and determine a case rests upon
facts, the supervisory court will not, by
prohibition, preclude such court from de-
termining its jurisdiction from the facts,
and after it has determined its jurisdic-
tion from the facts will not interfere, for the reason
that such matter then becomes mere error and can be
reached by appeal." Both of the foregoing cases were
proceedings in prohibition, and while we fully agree
with the rule of law there announced, that rule has no
relevancy to the case before us for review, for the rea-
sons following.

That portion of the opinion of the Court of Appeals
which is apposite to the contention urged, is as follows:

"Having in mind the general rule that the appoint-
ment of a receiver is not the end and object of litigation,
but merely a provisional remedy resorted to for the
purpose of preserving property involved in litigation,
so that the relief awarded by the court, if any, may be
effectual (State ex rel. Merriam v. Ross, 122 Mo. 435, 25
S. W. 947; Miller Bros. v. Perkins, 154 Mo. 629, 55 S.

*Different Jurisdictional Facts.*

W. 874), does the petition filed below by the receivers
of the Blue Bird Manufacturing Company, as holders of
fifty-one per cent of the stock of the Blue Bird Appliance
Company, contain allegations of fact sufficient to confer
jurisdiction upon a court of equity solely for the ap-
pointment of a receiver, and not ancillary to other re-
lief sought therein, for a going corporation? In other
words, do the facts alleged in the petition bring the case
within the exception to the foregoing general rule, name-
ly, that courts of equity have jurisdiction to appoint
receivers for corporations, even in the absence of express
statutory authority, in cases of extreme necessity for
which there is no other adequate remedy? . . .

"Neither the elementary text-writers, when the full
context on the subject is read, nor the adjudicated cases,
sustain the view that a court of equity has jurisdiction
to appoint a receiver for a going corporation upon al-
legations alone showing that the corporation is tempo-
rarily without officers and directors, unless it appears
that the circumstances are such that the condition thus
alleged to exist is one amounting to a condition of ex-
treme necessity for which the complainants have no
other adequate remedy. *A fortiori* would this be true
where the petition, though averring that the corporation
is without officers and directors, upon its face shows
that the complainants are in control of a majority of the
stock of the corporation and hence in a position to rem-
edy the matter without invoking the extraordinary pow-
er of a court of equity. . . .

"Do then the circumstances outlined in the petition
below make out a case of such extreme necessity for
which there is no other adequate relief that equity alone
can grant adequate relief? We think not. It affirm-
atively appears that the petitioners below, three in
number, were the receivers of the Blue Bird Manufac-
turing Company, and as such receivers held fifty-one
per cent of the total capital stock of the Blue Bird Ap-
pliance Company. The relator herein, George T. Priest,

was the owner and holder of one share of the capital stock of the said Appliance Company on the day when the officers and directors of that company resigned, and also on the following day thereafter, when the receivers for the Manufacturing Company filed their receivership petition, and was present in St. Louis at that time. No action whatsoever was taken by the said receivers of the Blue Bird Manufacturing Company, though they were the owners and holders of fifty-one per cent of the stock of the Blue Bird Appliance Company, toward calling a special meeting of the stockholders for the election of a new board of directors, though such action is specifically provided for by our statutes (Secs. 2964-5-6, R. S. 1909). The petition thus clearly fails to exhibit a state of facts from which a court of equity could conclude that the petitioners had exhausted all reasonable efforts to induce corporate action, but on the contrary, conclusively shows that no action whatsoever was taken on the part of those same receivers holding fifty-one per cent of stock toward calling a special stockholders' meeting, or otherwise, but contented themselves, on the very next day succeeding that on which the officers and directors of the company had resigned, with seeking the aid of a court of equity to appoint a receiver, though the statutes specifically provide a method of procedure under such circumstances. And it will be noticed that whatever proper amendments could be made to the petition below, these salient and determinative facts in the case could not be affected thereby.''

If the Court of Appeals has erred in holding that the petition did not show jurisdictional facts sufficient to warrant the appointment of a receiver, it erred as a matter of opinion, and on *certiorari* we have no authority to quash its judgment on that ground. [State ex rel. American Packing Co. v. Reynolds, supra; State ex rel. Wahl v. Reynolds, 272 Mo. 588.] Moreover, even though the Court of Appeals may have misapplied the rule announced in the Shields and Mills cases, supra, to the

facts before it, such misapplication does not constitute error cognizable in this proceeding, as the facts here are in no way analogous to the facts in the Shields and Mills cases, and no conflict can therefore be engendered. [State ex rel. Commonwealth Trust Co. v. Reynolds, 278 Mo. 695, 213 S. W. 804.] Furthermore, although the Court of Appeals, by its judgment, may have interfered with the action of the circuit court, after that court had determined and assumed jurisdiction upon the facts before it, nevertheless, by reason of the dissimilarity of facts in the cases cited, it cannot be said that there is a contrariety of opinion as insisted.

The point made must accordingly be ruled against relators.

III. Relators also contend that the opinion of the Court of Appeals is in conflict with Price v. Trust Co., 178 S. W. 745, 749, which case relators claim holds "that a court of equity has jurisdiction to appoint a receiver for a corporation which has no officers or directors and whose property is threatened with sale, waste or dissipation."

Price Case.

To sustain this claim relators cite the following passage from the Price Case, opinion by FARIS, J., l. c. 749:

"If there were an allegation that the Arcadia Country Club had no officers or directors to conserve its interests and protect its property, we can see readily why a court of equity would interpose in the event of a threatened sale of the property of the club by a mortgagee under an invalid or doubtful incumbrance. But there is a full complement of officers and directors of the Arcadia Country Club existing, and acting for aught that is said or appears. Nor does it appear that the Bankers' Trust Company is in possession of the property or any of it, which it is threatening to sell under its deeds of trust which are alleged to be without consideration, or void for that they are based on notes the

making of which were acts *ultra vires*. On the contrary, the club, or the vendees of the 118 lots not reserved, but included in the deed of trust, seem to be, and for aught which appears to the contrary are, in possession thereof.''

From a perusal of the entire case above mentioned, it will be apparent that the paragraph cited is *obiter dictum;* and a reading of the paragraph itself shows that the opening statement is made *arguendo*. Moreover, a further examination of the opinion will reveal this language:

''It is fundamental that there is neither in law nor in equity any such thing as a plain receivership action, i. e., an action in which a receiver is the only *desideratum*. In short, the appointment of a receiver by a court of equity, except in rare cases arising out of lunacy or infancy, is ancillary wholly to some other action having some definite relief in view. [State ex rel. v. Ross, 122 Mo. 435, 25 S. W. 947, 23 L. R. A. 534.] The receiver is 'the hand of the court' used to protect the property and to prevent waste, or to hold the property *in statu quo* pending the decreeing of the relief which is the crux of the case brought; so it necessarily follows that, absent a cause of action stated in the main case, there is no ground for the appointment of a receiver. [Cantwell v. Lead Co., 199 Mo. 1, 97 S. W. 167; Pullis v. Pullis, 157 Mo. 565, 57 S. W. 1095.]''

And a reference to the petition in the instant case, which is epitomized in the opinion of the Court of Appeals, discloses that a receiver was the only *desideratum* contemplated thereby. Hence the judgment of the Court of Appeals, instead of being contrary to the Price Case, is consonant therewith. Furthermore, the Court of Appeals in its opinion, quotes at length, as authority for its ruling, passages from the Price Case which are declaratory of the doctrine that where there is any other adequate and complete remedy a receivership is precluded. And finally, even though the opinion of the Court of Ap-

peals may be inconsistent with anything said in the Price Case (which is contrary to our belief), there is no conflict therewith for the reason that the facts involved therein are not similar to the facts here.

IV. As said hereinbefore, other reasons are assigned by relators in behalf of the relief sought. Were the case here on appeal or writ of error they might have some relevancy, but in an application for *certiorari* they have none. In a proceeding of this character the scope of our inquiry has been well determined, and unless the judgment of the Court of Appeals contravenes some prior ruling of this court, we will not interfere.

Other Reasons.

After a careful review, we find no merit in the errors urged by relators. It follows, therefore, that the writ herein was improvidently granted and should be quashed.

It is so ordered. All concur.