THE UNITED CEMETERIES COMPANY v. JOHN D. STROTHER, Trustee, and JOHN RUSSELL, Defendants, and LOUIS A. HARBIN, Appellant.

THE SCHOOLEY STATIONERY & PRINTING COMPANY v. THE UNITED CEMETERIES COMPANY, Respondent, and LOUIS A. HARBIN, Appellant.—119 S. W. (2d) 762.

Court en Banc, September 6, 1938.*

*NOTE: Opinion filed at May Term, 1938, August 8, 1938; motion for rehearing filed; motion overruled at September Term, September 6, 1938.

1156

*Gossett, Ellis, Dietrich & Tyler, John D. Strother, Duvaul P. Strother, Rufus Burrus* and *Lucian Lane* for appellant.

*Borders, Borders & Warrick* for respondent.

TIPTON, J.—This case, which comes to me on reassignment, is the second appeal. The opinion in the first appeal is reported in 332 Mo. 971, 61 S. W. (2d) 907, where the facts of the case may be found.

The United Cemeteries Company owned a tract of land in Jackson County, Missouri, which had been platted as a cemetery and known as the Blue Ridge Lawn Cemetery. The appellant held a note in the sum of $16,800; secured by a deed of trust, on this tract of land. By reason of default in the payment of this note, the appellant began foreclosure proceedings, and on September 6, 1927, the United Cemeteries Company filed a suit in the Circuit Court of Jackson County for an injunction to enjoin the foreclosure of the cemetery under the deed of trust. On the next day the court issued a temporary restraining order enjoining the sale of this property. The appellant and the defendant Strother, trustee in the deed of trust, filed an answer and cross-petition in which they set up the deed of trust and asked the court to enter a decree selling the property by the sheriff or a special commissioner under the deed of trust and sought an order denying the permanent injunction.

On September 10, 1927, the Schooley Stationery & Printing Company filed a suit in the Circuit Court of Jackson County, Missouri, against the United Cemeteries Company, seeking the appointment of a receiver for the defendant company. The defendant filed an answer and on that date Honorable Daniel E. Bird was appointed receiver. He qualified as receiver and took charge of the assets of the defendant company and operated its properties until November 7, 1933. On November 16, 1927, the appellant intervened in the receivership suit and filed an answer and cross-petition. He later filed an amended answer and cross-petition in which he set up his deed of trust on the cemetery property and sought a sale of this property by the sheriff or by the receiver, and sought distribution of the proceeds of the sale in the following manner; first: payment of costs; second: payment of the principal and interest due the appellant; and third: payment of such claims as might be allowed against the United Cemeteries Company.

At the January Term, 1929, of that court, the above mentioned two cases were consolidated and thereafter the proceedings were had in the consolidated cause as if the case had been begun as one cause.

On August 3, 1929, the court entered an order decreeing the sale of the property of the United Cemeteries Company and allowed claims which had been incurred prior to the receivership in the sum of $33,438.44; and further found that the claim of the appellant in the sum of $16,800 with interest should be allowed as a general claim. The order further provided that upon confirmation of the sale, the receiver should pay out of the proceeds of that sale, first, the court

costs; second, the receiver's fees and all expenses incurred by him as receiver; and third, the general creditors of the company. The appellant took an appeal from this order, and the principle question on the first appeal was the right of the appellant to have his claim given priority over the general creditors. We held that the decree entered by the trial court should be so modified as to give the appellant, as owner of the note secured by the deed of trust, a preference over general creditors in the distribution of the proceeds of the sale.

When the mandate of this court was lodged in the trial court an order was entered by that court providing for the appointment of a special commissioner to make the sale of the properties and assets of the United Cemeteries Company. On October 14, 1933, the special commissioner sold all its properties to H. H. Halverson for the sum of $8600. That court entered an order confirming the sale and directed that the proceeds be distributed as follows: first, court costs; second, receivership expenses, including receiver's fee in the sum of $4500, his counsel fees in the sum of $3000, and all other expenses incurred in maintaining and operating the property; third, the payment of the appellant's note; and fourth, the payment of the general creditors. From this order the appellant has duly appealed to this court.

For the first time, on this appeal, the appellant contends that the appointment of the receiver is void because the court was without jurisdiction to make the appointment for the reason that the petition wholly fails to state a cause of action.

 The question of jurisdiction of the subject matter may be raised at any stage of the proceedings, even by motion after judgment and for the first time in this court, and this question cannot be waived by entry of appearance or by express stipulation, and want of jurisdiction may be taken advantage of at any time before or after trial. A court obtains jurisdiction of the subject matter by operation of law, and cannot acquire it by appearance, answer, contesting the proceedings, consent, waiver, or by the doctrine of equitable estoppel. It is the uniform rule of this State that jurisdiction as to the subject matter of any suit cannot be waived in any manner, and a judgment in such case is absolutely null and void, and may be set aside and for naught held, even in a collateral proceedings. [Springfield Southwestern Railway Company v. Schweitzer, 246 Mo. 122, 151 S. W. 128; City of St. Louis v. Glasgow, 254 Mo. 262, 162 S. W. 596; State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S. W. 187.]

The respondent contends that the petition for receivership, the answer of The United Cemeteries Company and its consent to appointment of a receiver were sufficient to give the court jurisdiction, thereby making the appointment of the receiver valid. If we understand his argument correctly, it is that the trial court had jurisdiction of the parties and of the subject matter because the court,

being possessed with general equity powers, had a right to appoint a receiver.

"Jurisdiction may be defined to be the right to adjudicate concerning the subject matter in a given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue." [Stark v. Kirchgraber, 186 Mo. 633, l. c. 645, 85 S. W. 868; Gray v. Clements, 286 Mo. 100, l. c. 107, 227 S. W. 111, l. c. 113; Aetna Insurance Company v. R. E. O'Malley, H. P. Lauf, L. H. Cook and Gilbert Lamb, 342 Mo. 800, 118 S. W. (2d) 3.] Tested by these rules, the trial court has cognizance of receivership cases. The trial court had the parties present; the plaintiff, the Schooley Stationery & Printing Company; the respondent, the United Cemeteries Company; and the appellant, Louis A. Harbin; but was the appointment of a receiver within the issues made by the pleadings? In other words, did the petition wholly fail to state a cause of action so the court did not have power to appoint a receiver, or was it error in making the appointment? If it were mere error, then the judgment of appointing a receiver is valid as no motion to revoke the appointment was filed, nor an appeal taken. [Guilbert v. Kessinger, 173 Mo. App. 680, 160 S. W. 17.] But if the petition for receivership wholly failed to state a cause of action then the judgment appointing the receiver is absolutely void and subject to collateral attack, which we think is so in this case.

Respondent contends that even "if the bill in equity for the appointment of a receiver was insufficient, yet the intervening petition of appellant and the subsequent consolidation of the receivership sent with the injunction suit conferred jurisdiction and validated the appointment." After intervening in the receivership suit the appellant filed an answer in which he set up his deed of trust and prayed that the sheriff or receiver be directed to sell the properties and that the proceeds be applied to the appellant's lien. His answer was practically the same in the injunction suit. There is nothing in his answers that would supply any defects in the receivership petition, if such is permissible. However, the question has been ruled adversely to respondent's contention in the case of Laumeier v. Sun-Ray Products Company, 330 Mo. 542, l. c. 549, 50 S. W. (2d) 640, wherein we said:

"Respondents now say that because of such appearance and consent appellant has waived the right and is estopped to complain of the court's order appointing the temporary receiver. If, as appellant contends, the court was without jurisdiction to make the appointment there is no substance in this contention. As said in 53 Corpus Juris, 52, section 40; 'Jurisdiction to appoint a receiver cannot be conferred by consent or stipulation; that the parties in interest have

agreed to the appointment does not relieve the court from looking at the question of jurisdiction, and especially from inquiring whether the application for receivership is with the view of obtaining final relief or merely for the purpose of securing a receivership;' etc. The cases cited by respondents in support of their position above stated are not in point.''

The cases referred to as not being in point in the above quotation are Rumsey v. People's Ry. Co., 144 Mo. 175, 46 S. W. 144; Id., 154 Mo. 215, 55 S. W. 615, and Greeley v. Provident Savings Bank, 103 Mo. 212, 15 S. W. 429. These are the same cases relied upon by respondent in the case at bar, and, for the same reasons they are likewise not in point here.

This brings us to the question of whether the petition filed by the Schooley Stationery & Printing Co., states a cause of action. The petition is as follows:

''Comes now the plaintiff, and for its cause of action against defendant states that plaintiff and defendant are now and were at all times herein mentioned Missouri corporations; that the defendant, United Cemeteries Company, a corporation, is and was at all times mentioned herein engaged in the cemetery business, and in particular engaged in the owning and operating of the cemetery known as the Blue Ridge Lawn Cemetery, situated in Jackson County, Missouri, more particularly described as follows, to-wit: (Legal description omitted.)

''Plaintiff states that the defendant is indebted to it in the sum of two hundred forty-five and fifty-five one hundredths ($245.55) dollars on account of stationery supplies purchased from plaintiff by defendant; that said account has been due and payable since the first day of January, 1927; that no part of this has been paid, although numerous demands for the payment thereof have been made.

''Plaintiff states that defendant has no ready money on hand with which to pay said claim or its other current obligations, which include divers and sundry creditors whose claims total approximately twenty thousand three hundred ($20,300.00) dollars; that said defendant has no cash on hand with which to pay the whole or any part of said indebtedness; that said defendant has assets approximating the sum of seventy thousand ($70,000.00) dollars in value; that unless the assets of said defendant be protected by this court, a multiplicity of suits will be filed and instituted in the courts of this State against defendant, which will depreciate and injure the property and assets of defendant to the detriment and injury of the defendant as well as defendant's creditors.

''Plaintiff further states that it is necessary for the protection and preservation of the defendant and its business, that this court appoint a receiver until further order of this court, to take charge of the defendant corporation, its business and assets, and to keep

the defendant's business in operation as a going concern until the court may be further advised as to the condition of the assets and liabilities of the defendant company.

"Wherefore, plaintiff prays the court to appoint a good and competent receiver to take charge of the United Cemeteries Company, a corporation, the defendant, its business and assets, in Kansas City, and in Jackson County, Missouri, and preserve the same and operate and conduct the business of the defendant under the order of this court, and that the court may make such other and further orders in the premises from time to time as the court may deem just and proper."

This petition was filed by an unsecured contract creditor. It does not ask for any relief except the appointment of a receiver. Briefly, the petition states that the defendant is indebted to the plaintiff in the sum of $245.55; that the defendant has no ready money with which to pay this claim; that there are other creditors whose claims total about $20,300.00; that defendant has assets of about seventy thousand dollars; that unless a receiver be appointed the assets will be wasted; and then prays for the appointment of a receiver to take charge of the assets of the defendant. In short, the petition is a suit for the appointment of a receiver only. It asks no other relief. It does not even ask for a judgment for the sum due plaintiff.

"Unless authorized by statute, there is no such thing as an action brought distinctively for the mere appointment of a receiver; to justify the appointment it is essential that some proper final relief in equity be asked for in the bill which will justify the court in proceeding with the case." [4 Pomeroy's Equity Jurisprudence (4 Ed.), p. 3613, sec. 1539.] The rule in this State is that a court of equity has inherent power to appoint a receiver to take charge of the property and affairs of a corporation only when such appointment is ancillary to and in aid of an action pending for some other purpose, and in which there is a prayer for other and final or ultimate relief which the court has power and jurisdiction to grant. Receivership is a remedy to be invoked only in aid of the primary relief sought. It cannot of itself constitute such primary relief, and hence the court must have jurisdiction independent of the receivership. Absent a cause of action in the main case there is no main case pending, and the court is without power or jurisdiction to appoint a receiver. [Laumeier v. Sun-Ray Products Company, 330 Mo. 542, 50 S. W. (2d) 640; State ex rel. Kopke v. Mulloy, 329 Mo. 1, 43 S. W. (2d) 806; Price v. Bankers' Trust Company, 178 S. W. 745; State ex rel. Calhoun v. Reynolds, 289 Mo. 506, 233 S. W. 483; Cantwell v. Columbia Lead Company, 199 Mo. 1, 97 S. W. 167; Pullis v. Pullis Bros. Iron Co., 157 Mo. 565, 57 S. W. 1095.]

Another reason that the court was without jurisdiction to appoint a receiver is that the plaintiff was an unsecured contract

creditor. In an ordinary action at law to recover a money judgment, no money, property or business comes into the custody or control of the court for the payment of the debt or any other purpose before judgment. [Miller Brothers v. Perkins, 154 Mo. 629, 55 S. W. 874; Pusey & Jones Company v. Hanssen, 261 U. S. 491; Lion Bonding & Surety Company v. Karatz, 262 U. S. 77.] Nor did the fact that the appellant, who was a secured creditor, intervened on November 16, 1927, cure this defect. The receiver was appointed September 10, 1927, over two months before the appellant intervened. The Supreme Court of the United States in the Pusey & Jones Company case, supra, 67 L. Ed. 763, 1. c. 773, said:

"Respondent contends that, even if there was originally lack of equity jurisdiction, the defect was cured on October 18, 1931, when the intervention of the United States Shipping Board Emergency Fleet Corporation was filed and allowed. That corporation claimed to be a creditor, and to have a mortgage lien on all the real estate of the Pusey & Jones Company. The contention is that the original defect in jurisdiction was thus cured, because the existence of a direct lien gives equity jurisdiction for the appointment of receiver, unhampered by the obstacles that confront unsecured simple contract creditors. The contention is clearly unsound; among other reasons, because the intervention did not occur until two months after entry of the decree here under review."

We hold that the court was without jurisdiction to appoint the receiver and the appointment was absolutely void, as were all subsequent orders in the receivership case. [Miller Brothers v. Perkins, supra; Laumeier v. Sun-Ray Products Company, supra.] It follows that the sale of defendant's property is void and passes no title, and the allowance of fees to the receiver and his counsel is also void. [Bushman v. Barlow, 328 Mo. 90, 40 S. W. (2d) 637; St. Louis, K. & S. Railroad Co. v. Wear, 135 Mo. 230, 36 S. W. 357.]

The appellant's answer in both the receivership and the injunction cases, which, as previously stated, were consolidated, set up his deed of trust and asked that the same be foreclosed, and the property covered by it sold either by the sheriff or a commissioner. When this case was here on the first appeal we held that the power of sale in the deed of trust of the cemetery was void, but the deed of trust could be foreclosed by a court of equity where all rights growing out of the buried can be protected. It follows that the appellant was entitled to have his deed of trust foreclosed by the trial court sitting as a court of equity and the property sold as a cemetery.

It follows that the judgment of the trial court should be reversed with directions to enter a judgment of foreclosure of appellant's lien consistent with this opinion. It is so ordered. All concur, except *Douglas, J.,* not sitting, because not a member of the court at the time cause was submitted.