## TEXAS STEEL CO. et al. v. HUEY & PHILP HARDWARE CO. et al.

No. 3134.

Court of Civil Appeals of Texas. El Paso. Feb. 7, 1935.

Rehearing Denied Feb. 28, 1935.

On Rehearing Feb. 28, 1935.

J. A. Templeton, R. C. Armstrong, Jr., and Geo. W. Armstrong, all of Fort Worth, for appellants.

Alvin H. Lane and Bartlett, Thornton & Montgomery, all of Dallas, for appellees.

WALTHALL, Justice.

On the 20th day of November, 1929, Huey & Philp Hardware Company, a Texas corporation, as plaintiff, brought this suit against Staples & Fowzer, a Texas corporation, and against T. A. Staples and F. Fowzer, individually, as defendants; the principal place of business of the defendant corporation and Staples and Fowzer was at Wink, Tex. The suit was based upon a promissory note in the principal sum of $940.12, payable at Dallas, Tex., executed by the corporation and personally indorsed by Staples and Fowzer, and was then due; the note bore interest and provided for the payment of attorney fees, and was placed with attorneys Winfrey & Lane for suit. Plaintiff asked a receiver be appointed of defendant Staples & Fowzer corporation, stating as grounds for the appointment of the receiver that the corporation was insolvent or in immediate danger of insolvency; that it has assets which if sold in a businesslike manner, and not at forced sale, could probably be marketed for approximately $40,000; that the bulk of the assets were not liquid, but consisted of heavy-duty machinery and equipment, automobiles, real estate, and accounts receivable; that some of the creditors with large claims are insistent and threatening forced proceedings, which, if allowed, would result in depriving the general unsecured creditors of participation in any equity which the defendant corporation owns in the property; that in addition to plaintiff's claim there are numerous unsecured creditors of defendant corporation whose claims aggregate approximately $25,000, and plaintiff asks for receiver for the benefit of such unsecured creditors as well as for itself. Plaintiff prayed for the appointment of a receiver without notice, "with full power and authority to take possession of and to preserve all of the assets of said corporation, and with such other powers as may seem proper to the court under the circumstances; for judgment for its debt, costs." The petition was verified. On the date of the filing of the petition the defendant corporation entered its appearance and requested the immediate appointment of a receiver with power as prayed for in plaintiff's petition. On the same day of the filing of the petition the district judge entered an order appointing R. F. Henderson, of Dallas county, as receiver of said corporation "and of all of its properties and assets wheresoever situated, with full power and authority to take immediate possession of all of said assets, and to preserve them in his care and custody, subject to the further orders of this court." The judge fixed the receiver's bond at $10,000, "conditioned as required by law."

The transcript does not show that the receiver gave a bond, nor the time when given. From other proceedings in the case we assume that a bond in receivership was given, and that it was given before any subsequent orders were given, and that the bond given contained the statutory requirements of such bonds, and that the bond was approved with American Surety Company of New York as surety for the receiver on his official bond as receiver.

The propriety of the appointment of a receiver is not questioned or brought under review on this appeal.

It appears from the record that much of the assets of defendant corporation were located at Hobbs, in Lea county, N. M., and on November 22, 1929, the judge of the district court of Lea county, N. M., appointed R. F. Henderson ancillary receiver of the assets of the defendant corporation in New Mexico, and authorized him to operate the defendant's Hobbs Shop, under the conditions stated, should similar authority be given by the Texas court. On November 25, 1929, Receiver Henderson applied to the Texas court for permission to operate the Hobbs Shop in New Mexico, and reported that in order to do so he should be authorized to have transferred into the New Mexico jurisdiction from Wink, Tex. certain tools, machinery, and material, and that it would be necessary to have transferred to New Mexico sufficient money to meet pay rolls for certain days.

The court granted the receiver's application and authorized the transfer from Wink, Tex., of certain equipment specified, stating its aggregate value.

On application of the receiver the court authorized the receiver to enter into a contract with defendant T. A. Staples for the manufacture, distribution, and use of a rotary bit upon the terms specified, and to borrow money from the Mercantile Bank & Trust Company, in order to carry on the said business.

The record shows that the receiver by permission of the court removed the property to New Mexico and operated the same there; contracted with Staples in the matter of the rotary bit; and manufactured and sold some and used some.

During the receivership and in the conduct of the business by the receiver, the receiver bought goods on time, of various kinds from various parties. Such parties filed pleas of intervention asking judgment establishing said claims as expenses of administering said estate, and that same be paid in preference to all debts owing by defendants Staples & Fowzer at the time of the appointment of said receiver.

The intervening claimants are Texas Steel Company, Mid-Continent Metal Alloys Company, Fort Worth Well Machinery Company, Bowdry & McKinley Company, and Clem Lumber Company. All the claims of said interveners were for supplies sold to the receiver during the receivership, and were classed by the court as third-class claims. Intervener, Texas Steel Company, for itself and on behalf of other intervening creditors of the third class, excepted to the final report of the receiver on the ground that said report was insufficient, in that it did not show the profits and losses of the business and the amounts paid out by the receiver on secured and unsecured claims; and, further, on the ground that the reports of the receiver showed that he had paid in full many creditors, secured and unsecured, and had made a profit of $34,494.73 in the operation of said business, but failed to show what disposition had been made of the assets; and further, on the ground that the reports showed that the receiver had invested $7,886.09 in the Staples Bit Company, without lawful authority; further, that Huey & Philp Hardware Company had advanced large sums of money to the receiver for which they have been fully reimbursed, and that they are now in possession of property and effects of said estate of great value and that they, their agents and attorneys, have participated actually in the management of said estate and in the promotion and operation of the Staples Bit Company; that with the knowledge of the receiver's surety, American Surety Company, the receiver had not faithfully discharged his duties as such.

Interveners asked judgment against the receiver and the surety.

T. A. Staples having died pending the suit, the suit was dismissed as to him.

The court entered final judgment substantially as follows:

In favor of appellee Huey & Philp Hardware Company against Staples & Fowzer and Frank Fowzer, on its note for $1,399.48, with interest.

In favor of intervener supply company against Staples & Fowzer, for $1,563.63.

The court overruled all exceptions to the receiver's final report made by interveners Texas Steel Company, Fort Worth Well Machinery & Supply Company, Bowdry & McKinley Iron Works, Clem Lumber Company, Mid-Continent Metal Alloys Company, and

First State Bank of Big Lake, to which appellant interveners excepted.

The court heard each of the reports and the final report of the receiver and his supplemental reports and approved same and ordered the receiver and his bondsmen, American Surety Company, discharged.

The court then made an order classifying said claims and other orders not necessary to state, to all of which appellant interveners, Texas Steel Company, Mid-Continent Metal Alloys Company, Fort Worth Well Machinery Company, Bowdry & McKinley Company, and Clem Lumber Company, excepted and gave notice and prosecute this appeal.

### Opinion.

Appellant interveners submit that, being creditors of the estate in receivership, they are entitled to a report showing the disposition made of all the property and funds that came into the hands of the receiver.

Appellant interveners also submit that plaintiff, Huey & Philp Hardware Company, is liable to appellants for the supplies sold by them to the receiver; that the liens of plaintiffs and other creditors prior to the receivership are subordinate to appellants' claims; that under the facts stated the district court was without power to authorize the investment of the funds of the receivership estate in the Staples Company; such investment being a misappropriation of the funds. Appellants also submit that the receiver having used all the funds in payment of other claims he and his bondsmen are liable to appellants for their debts. Under this first proposition they submit that the receiver filed no inventory of the estate; filed no report of the Staples Bit Company through which the business of the receivership was operated; filed no report showing the profits and losses of the receivership, nor the disposition of the property that came into his hands, and of the payment of claims, except as shown by his former reports, to which reference is made in his final report; that none of the former reports were acted upon by the court until final judgment was entered.

Appellees' verified petition and the subsequent report of the receiver showing profits from the operation of the business would seem to put the value of the estate in hand at about $74,434 at the time of the first report on September 10, 1930. The record shows that the court approved the first report on the day it was made.

The receiver made three subsequent reports prior to his fifth and final report made in December of his activities from November 3, 1933, to the date of its filing, and was approved by the court on March 17, 1934.

We have not been able from the reports to trace the disposition made by the receiver of the property of the estate, or what part of it was used in the payment of debts except as to the real estate, and we find no list of the kind and amount of the debts paid.

It is true that the receiver on the trial brought into court his books and records and tendered them to appellants for inspection, and offered to explain to appellants any portion of them.

The court entered judgment in favor of the several appellant interveners, against the receiver as receiver, for the amounts of their claims, of which no complaint is made. The court denied recovery of appellant interveners against R. F. Henderson, individually, and against his bondsmen and appellee. The court also entered judgment in favor of appellee Huey & Philp Hardware Company for the amount of its claim against Staples & Fowzer and Frank Fowzer, for the amount of its claim. While the record shows that the defendant Staples & Fowzer was insolvent at the beginning of the receivership, and that the property of defendant which went into the hands of the receiver was largely incumbered by liens for taxes and other debts, both in Texas and New Mexico, the reports of the receiver, as we view them, do not clearly show the disposition made of the assets of the estate. We are concerned here only with the character of the report which the statute requires of the receiver, the classification of the claims, and the disposition of the property as classified. The report shows the disposition made of the cash on hand at the close of the receivership, not enough to pay the cost of the receivership, but we think is not clear as to what, if any, of the undisposed property remained, and its disposition.

Appellant intervener, Texas Steel Company, and the other appellant interveners, sued upon verified claims which appear to be parts of the expenses incurred by the receiver, and said appellants, interveners, asked that their claims be paid in preference to all debts owing by defendants Staples and Fowzer at the time of the appointment of the receiver. The judgment of the court did not direct that appellant interveners' claim be paid in preference to such other claims.

Article 2299 states the application to be made of all funds that come into the hands of the receiver as such receiver. The article has application only to the funds, that is, cash on hand, or personal assets acquired by the receiver of, or during the operation of, the business of the defendants Staples & Fowzer, [Hayes v. Gardner (Tex. Civ. App.) 40 S.W.(2d) 917], and how it shall be applied. It classifies the claims into six classes, and directs the application of all the funds to the payment of the claims as classified. After classifying the claims, the same article in its latter portion provides that as to all moneys coming into the hands of the receiver which are the earnings of the property in his hands, said claims shall have a preference lien on the same, and the receiver shall pay the same on the claims in the order of preference named, and the court shall see that the receiver does so.

We have not been able from the several reports of the receiver to identify any of the funds that came into the receiver's hands as earnings of the property in his hands so as to fix a preference lien on such moneys, nor are we able to ascertain from the receiver's report the disposition made by him of the assets and earnings of the estate.

A receiver's report or account should be of such particularity as will give the parties interested sufficient information to enable them to determine intelligently whether to assent or except to the report or part thereof. 53 C. J. p. 368, § 598. The report in this case is wholly insufficient for such purpose. We sustain the assignment complaining of the insufficiency of the report. We do not agree with the assertion of the receiver that the error in overruling such exceptions is harmless. The report is so inadequate that we are unable to intelligently consider and pass upon the merits of the contention by appellants that they are entitled to judgment against the receiver and the surety upon his bond as for misapplication of the assets of the estate, wrongful preferences to other creditors, or to pass upon other questions presented by appellants.

We affirm the judgment of March 17, 1934, from which the appeal is prosecuted, in the following respects:

In favor of Huey & Philp Hardware Company against Staples & Fowzer for $1,399.48, with interest; in favor of the International Supply Company against Staples & Fowzer for $1,563.63; and the classification made of the various claims stated in the judgment.

In all of its other features the judgment is reversed and the cause remanded for retrial.

Affirmed in part; reversed and remanded in part.

On Motion for Rehearing of Appellee Huey & Philp Hardware Company.

Through inadvertence we failed to affirm the judgment as to Frank Fowzer, individually, on the former hearing of this case, and such failure has been called to our attention in this motion.

Our judgment is accordingly corrected to read as follows:

We affirm the judgment of March 17, 1934, from which the appeal is prosecuted in the following respects: In favor of Huey & Philp Hardware Company against Staples & Fowzer and Frank Fowzer, individually, jointly and severally, for $1,399.48, with interest; in favor of the International Supply Company against Staples & Fowzer for $1,563.63; and the classification made of the various claims stated in the judgment. In all of its other features the judgment is reversed, and the cause remanded for retrial.

Affirmed in part; reversed and remanded in part.

The motion for rehearing is in all other respects overruled.