NUMBER
13-01-017-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

PURSLEY
- WILSON INVESTMENT

COMPANY,                                                               
          Appellant,

 

                                                   v.

 

GEORGE
D. GORDON, R. A. DEISON

AND ROGER BROACH,                                                         Appellees.

 

                    On appeal from the County
Court at Law No.3   

                              of Montgomery
 County, Texas.

 

 

                                   O P I N I O N

 

           Before Chief Justice Valdez and
Justices Yañez and Wittig[1]

                                   Opinion by
Justice Wittig








Appellant,
Pursley-Wilson Investment Company, complains the trial court gave improper
preferences when it disbursed funds from a receivership.  As we understand the brief of appellant,
appellant maintains it is entitled to judgment as a matter of law.  Appellant argues that its agreed
judgment-based claim takes precedence over appellees, George D. Gordon and R.A.
Deison=s, default
judgment-based claim.  Appellant also
makes a minimalist argument against attorney Roger Broach=s claim for attorneys fees. 
Appellant does not complain that the trial court paid the receiver,
Senior District Judge, John Martin, deceased.[2]  We will affirm the
preferences determined by the trial court.

Background








The underlying
facts are compound and complex.  But in
order to focus the issues as narrowly as possible, we will only briefly
summarize the situation that evolved over several years, involved both
bankruptcy and probate estates, assignments, judgments, contracts and corporate
disillusionment.  In 1999, federal
bankruptcy Judge Wesley W. Steen determined that because he lacked
jurisdiction, the proper procedure for disposing of $27,261.42 from the Smith
bankruptcy estate was to transfer the funds to a legitimate representative of
American Vision Investments, Inc. (AVI). 
AVI was a defunct Texas corporation that lost its charter in 1996.  AVI had filed a successful claim in the
bankruptcy case of Joe and Diana Smith. The AVI claim was based upon an
assignment from the Federal Deposit Insurance Corporation (FDIC).  Appellee, Roger Broach, represented AVI in
its successful attempt to obtain the bankruptcy funds ordered released.  In the meantime, both appellees
Gordon/Deison, and appellant Pursley-Wilson had 
obtained judgments against AVI, the former by default, the latter by
agreement.  Gordon/Edison=s default judgment was obtained in 1996 and appellant=s agreed judgment was obtained in 1997.

At the trial or
hearing to disburse the funds, appellees attacked appellant=s judgment for two reasons.  
First, they claimed appellant=s agreed judgment was obtained after AVI lost its charter, and
that the person Aconsenting@ to the judgment had no authority.  Some testimony supports this contention.  Appellees also contended that appellant=s judgment was discharged in the Smith bankruptcy because
appellant filed no claim in the bankruptcy action.  Some testimony supports this contention as
well.  Appellant counters that Texas law
unequivocally delineates the priority of claims, and the trial court erred in
placing its judgment claim last.  Because
of our disposition of appellant=s priority of claims argument, we need not address appellees= counter-arguments.

Standard of
Review








The record does
not contain findings of fact and conclusions of law.   In a nonjury trial, where findings of fact
and conclusions of law are neither filed nor timely requested, it is implied
that the trial court made all necessary findings to support its judgment.   Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992) (citing Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989)).  When, as in this case,
a statement of facts is brought forward, these implied findings may be
challenged by factual or legal sufficiency points, the same as jury findings or
a trial court's findings of fact.  Heine,
835 S.W.2d at 84; State v. One (1) Residence Located at 1204 North 12th
Street, Alamo, Tex., 907 S.W.2d 644, 645 (Tex. App.BCorpus Christi 1995, no writ). 
If the evidence supports the implied findings, we must uphold the
judgment of the trial court on any theory of law applicable to the case.   In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984);   Lassiter v.
Bliss, 559 S.W.2d 353, 358 (Tex. 1977).   Appellant did
timely request findings of fact of conclusions of law, and subsequently duly
notified the court of its failure to file the findings.  However, appellant does not complain of this
failure to make findings on appeal. 
Therefore we will still assume implied findings to support the judgment.
 See Secure Comm, Inc. v. Anderson,
31 S.W.3d 428, 431 (Tex. App.BAustin 2000, no pet).

 When a party attacks the legal sufficiency of
an adverse finding on an issue on which he has the burden of proof, he must demonstrate
on appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue.  Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 241-42 (Tex. 2001).  In reviewing a
matter of law challenge, the reviewing court must first examine the record for
evidence that supports the finding, while ignoring all evidence to the
contrary.  Id.  If there is no evidence to support the
finding, then the reviewing court will examine the entire record to determine
if the contrary proposition is established as a matter of law.  Id. 
The issue should be sustained only if the contrary proposition is
conclusively established.  Id.  Here, appellant has the burden of proof to
establish his priority of claim. 
Appellant does not attack the factual sufficiency of the court=s implied findings.[3]








Analysis

The thrust of
appellant=s argument is
that its claim was erroneously placed last behind those of Gordon/Deison and
Broach.  The sole basis of this argument
on appeal is a preference statute.  See
Tex. Civ. Prac. & Rem. Code ' 64.051 (Vernon 1999).  This provision,
found in Title 3, Extraordinary Remedies, Chapter 64  Receivership, lists mandatory preferences for
receiver=s application
of Athe earnings of property held in receivership. . . .@  Id. (emphasis
added).  The statute states that the
earnings Ashall@ be applied in the order listed: 1) court cost; 2) wages of
employees due by receiver; 3) debts for materials and supplies purchased by receiver
for receivership property improvement; 4) debts for improvements made by
receiver to the property; 5) claims and accounts against the receiver on
contracts, personal injury and other claims; and 6)  A[j]udgments recovered in suits brought before the receiver was
appointed.@  Id. 
Appellant argues the $27,261.42 in funds awarded on the AVI bankruptcy
assignment-claim are somehow Aearnings of property held in receivership.@[4]








 First, we should note, the trial court made no
reference to section 64.052 in its final judgment.  Instead, the court cited article 7.04 of the
Texas Business Corporation Act.  Article
7.04 allows appointment of a receiver for specific corporate assets only in
certain situations.  See Tex. Bus. Corp. Act Ann. art. 7.04 (Vernon 1980).  In this context,
the article might apply when a fund could be lost or where specific assets have
heretofore been appointed by the usages of equity.  Id. at art. 7.04 A(1), (3). 
We already described how the bankruptcy court held it was without
jurisdiction to determine the distribution of these funds to the competing
interests.  The vehicle used to
distribute the funds, between the competing claims, was the receivership in
question.  After the state county court
receivership was created by agreement of the parties, that court disbursed the
funds under article 7.04.

Both appellant
and appellees misconstrue section 64.052 of the civil practice and remedies
code B a rather specific statute. 
Our courts interpreted section 64.051 years ago in its predecessor form,
article 2299 of the Revised Civil Statutes of Texas.  Article 2299 gave a preference to certain
classes of claims out of certain monies coming into the hands of a receiver.  Acts of 1887, p. 120, repealed by Act
of April 16, 1985, 69th
Leg., R.S., ch. 959, ' 9(1), 1985 Tex.. Gen. Laws 3242, 3322.  AThis statute
has been construed, however, to have reference alone to the earnings which come
into the hands of the receiver, and gives no lien except as to the earnings of
the property.@  Mid‑Continent Supply Co. v. Conway 240
S.W.2d 796, 806-07 (Tex. Civ. App.BTexarkana 1951,
writ ref=d n.r.e.)
(citations omitted).  Even more to the
point, Conway holds that other than claims against earnings, the
statute contains no provisions regarding which claims are provable in
receiverships.  See id.  The plain language of section 64.051 applies
only to the earnings to the receivership. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 64.051.








         Appellant has not shown how the  $27,261.42 in funds are, in any manner,
earnings of the receivership.  The funds
originated in the Smith bankruptcy estate. 
AVI secured the funds from the bankruptcy estate,[5]
and thus, on their face could not be earnings to the receivership.[6]  Because there were no earnings of the
receivership proven, the trial court was required to look elsewhere to make its
determination of preferences.  See
id.; see also Texas Steel Co. v. Huey & Philp Hardware Co., 79
S.W.2d 636, 639 (Tex. Civ. App.BEl Paso 1935,
writ dism=d).

Appellant provides us with no other basis to argue his claim
was erroneously accorded an inverse preference by the trial court.  Because there is no other complaint supported
by appropriate references to the record and legal argument, appellant waived
any further complaint to the manner in which the trial court awarded claim
preferences. Tex. R. App. P.
38.1(f),(h); Kang v. Hyundai Corp. (U.S.A.), 992 S.W.2d 499,
503 (Tex. App.BDallas 1999, no
pet.).  We overrule appellant=s issues and affirm
the judgment of the trial court.

 

DON
WITTIG

Justice

 

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this
18th day of July, 2002.











[1]
Retired Justice Don Wittig assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon
1998).





[2]
We note with sadness, the passing of this personable man, fine trial lawyer and
upright judge.





[3]
Both parties argue this appeal as a legal sufficiency review, and, for the sake
of this opinion only, we assume this is true, arguendo.  However, a receivership is an equitable
remedy and the standard of review is usually abuse of discretion.  See Chase Manhattan Bank v. Bowles, 52
S.W.3d 871, 879 (Tex.
App.BWaco 2001, no
pet.) (motion to release the property from the receivership has the same goal
as motions to dissolve injunction, thus we 
review under same standards).  See
also Dayton Reavis Corp. v. Rampart Capital Corp., 968 S.W.2d 529, 531  (Tex. App.BWaco
1998, no pet.) (because receivership is an equitable remedy within the sound
discretion of the court, an appointment will not be disturbed on appeal unless
the record reveals an abuse of discretion) (citing Abella v. Knight Oil
Tools, 945 S.W.2d 847, 849 (Tex. App.BHouston  [1st Dist.] 1997, no writ) and Balias v.
Balias, Inc., 748 S.W.2d 253, 256 (Tex. App.BHouston
[14th Dist.] 1988, writ denied)).

Because of the nature of our holding, the trial court=s
action should be affirmed under either standard.  We hold, as a matter of law, that Texas Civil
Practice and Remedies Code section 64.051 does not apply in this
situation.  Tex. Civ. Prac. & Rem. Code Ann. '
64.051 (Vernon 1997).  Therefore, there
was no abuse of discretion by the trial court in refusing to apply this
inapplicable law.





[4]  Appellant=s
brief, p. 21.





[5]  AVI obtained the money from the Smith
bankruptcy estate by assignment from the FDIC.





[6]  The record reflects the receiver placed the
funds in an interest bearing account. 
The interest on the account would arguably be Aearnings@
contemplated by section 64.051.  Tex. Civ. Prac. &  Rem. Code Ann. '
64.051 (Vernon
1997).  Ironically, perhaps purposefully,
when the trial court placed appellant=s
claim last, appellant would indeed receive the preference on the earnings he
seeks. (Appellant=s claim was the
only claim that would receive any of the interest earnings.)   However, we also note appellant sought no
execution on its agreed judgment and its judgment was entered the year after
the Gordon/Deison judgment.