Louis A. HARBIN, Plaintiff-Appellant, v. THE SCHOOLEY STATIONERY & PRINTING Co., a Corporation, and C. F. CURRY, One of the Directors and Statutory Trustee for UNITED CEMETERIES COMPANY, a Dissolved Corporation, Defendants-Respondents, No. 42191—247 S. W. (2d) 77.

Court en Banc, March 10, 1952.

*Roy K. Dietrich, Edwin Earnshaw, Dietrich, Tyler & Davis, Rufus Burrus* and *Burrus & Burrus* for appellant.

1120

*Lawrence R. Brown, Paul R. Stinson* and *Stinson, Mag, Thomson, McEvers & Fizzell* for respondent.

VAN OSDOL, C.—This is an appeal from a judgment for defendants in an action instituted August 7, 1943, in which action plaintiff sought to recover $45,000 damages for an alleged wrong-

ful receivership. Defendant-respondent, The Schooley Stationery & Printing Company, is alleged to have filed the creditor's bill instituting the alleged wrongful receivership. The other defendant, C. F. Curry, was one of the directors and is now a statutory trustee of United Cemeteries Company, a dissolved corporation. It is alleged by plaintiff that defendant Schooley "did join with United Cemeteries" in the wrongful receivership proceeding.

The historical background of the instant action may be examined by reading the cases of United Cemeteries Company v. Strother, 332 Mo. 971, 61 S. W. 2d 907; and United Cemeteries Company v. Strother, 342 Mo. 1155, 119 S. W. 2d 762. Generally, the facts as stated by this court in the two cases were shown in evidence in the trial of the instant. action; however, we will briefly restate such facts; and additional and pertinent evidence introduced in the trial of the instant action will be stated in the course of this opinion.

In 1925, plaintiff, the owner of 23 acres of land in Jackson County, sold the property to one Hodges for $23,400. Hodges paid $6000 in cash, and executed a note secured by deed of trust to plaintiff for $17,400, the balance of the purchase price. April 21, 1925, Hodges conveyed the property to United Cemeteries Company, subject to encumbrances of record; and April 23, 1925, United Cemeteries Company filed a plat dedicating the land to cemetery purposes and denominating the property as "Blue Ridge Lawn Cemetery."

In 1927, payments on the note secured by the deed of trust were in default. In August of that year, plaintiff undertook to cause the foreclosure and sale of the property under the power of sale in the deed of trust; but, upon application of United Cemeteries Company, the circuit court, September 7th, issued a temporary order restraining the foreclosure and sale. September 10th, a creditor's bill for receivership was filed, purportedly by Schooley, defendant-respondent herein. United Cemeteries Company appeared and filed answer; and, on the same date, the circuit court "with the consent of all of the parties hereto" appointed a receiver who took over the possession of the assets of United Cemeteries Company. November 16th, plaintiff herein filed answer and cross-petition in the injunction case, and intervened by leave of court and filed answer and cross-petition in the receivership case. February 21, 1929, plaintiff herein filed amended answer and cross-petition in the receivership proceeding; and, August 3d, the receiver filed application to sell the assets of United Cemeteries Company. September 30th, the circuit court by order recited it was called upon to decide the injunction and receivership cases "which cases heretofore by agreement of parties and now again are ordered consolidated as and to be one consolidated case." The court entered judgment ordering the sale of the cemetery property by the receiver, permanently enjoined plaintiff's foreclosure, and adjudged the plaintiff's lien upon lands "used for cemetery pur-

poses'' could not be foreclosed, but recognized plaintiff as a general creditor. General claims were allowed aggregating $33,438. Plaintiff herein appealed. Upon review this court held the circuit court's judgment should be so modified as to give plaintiff herein, as owner of the note secured by the deed of trust, a preference over general creditors in the proceeds of the sale. United Cemeteries Company v. Strother, supra (332 Mo. 971, 61 S. W. 2d 907).

After this court's decision upon the first appeal, the mandate was recorded in the circuit court, July 28, 1933; and on that day the circuit court again ordered the sale of the cemetery property; appointed a special commissioner to conduct the sale; and directed that the proceeds of the sale should be subject to distribution to plaintiff herein, after the payment of fees and allowances to the receiver and his counsel. The special commissioner, pursuant to the order, sold the property to one Halverson for $8600. Plaintiff herein excepted to the special commissioner's report of sale, and moved to set the sale aside; however, November 7, 1933, the circuit court confirmed the sale and ordered the payment (prior to distribution to plaintiff herein) of fees and expenses of the receiver including counsel fees. Plaintiff herein again appealed. Upon review this court held the circuit court was without jurisdiction to appoint the receiver and the appointment was void as well as all subsequent orders in the receivership proceeding. United Cemeteries Company v. Strother, supra (342 Mo. 1155, 119 S. W. 2d 762).

After the mandate pursuant to this court's decision upon the second appeal had been recorded in the circuit court, that court, May 20, 1939, ''set aside and for naught held'' the injunction restraining the defendant (plaintiff herein) from foreclosing his deed of trust; and ''set aside and for naught held'' all of the orders of the receivership proceeding, and all orders which had been entered in the consolidated injunction and receivership cases and which had arisen out of the receivership proceeding. A subsequent sale, June 26, 1939, by a special commissioner appointed by the circuit court was approved November 7, 1939. At the sale plaintiff herein bought the property for $3750.

In the instant case it is the theory of plaintiff that the effect of the ruling of this court in the case of United Cemeteries Company v. Strother upon the second appeal ▆▆▆ (342 Mo. 1155, 119 S. W. 2d 762) was to render the receivership void ab initio; that the receivership proceeding, wherein a receiver had been appointed who had taken over the possession of the property, constituted a ''conversion'' of plaintiff's security, or interest as a lien holder; and that defendants herein are liable for all damages including the depreciation of the described property during the prolonged but void receivership proceeding, and for all expenses including counsel fees which plaintiff

had incurred in the protection of his rights throughout the protracted litigation.

The trial court, having heard the evidence, concluded, as a matter of law, that the receivership orders gave the receiver "complete charge of the *res* involved, the real estate in question, and prevented Louis A. Harbin from proceeding otherwise than in the court which had jurisdiction of the receivership proceeding," so that plaintiff is not "barred by the statute of limitations in this suit before the court."

However, the trial court, in rendering judgment for defendants, found the facts to be, inter alia, that plaintiff herein had intervened by leave of court and filed an answer and cross-petition in the receivership case—"He actually participated in and was an active party to the receivership litigation from 1929 to 1938, and in no manner challenged the validity of the receiver's services in preserving the property. - - - "

Plaintiff-appellant contends (1) he had the right to resort to his security at the time the secured debt became due and defendants-respondents by "keeping appellant out of his security by an unlawful receivership - - - amounting to conversion, are responsible for all losses caused appellant"; (2) defendants are jointly and severally liable for the damages resulting, since they acted in concert in causing the delay which damaged or depreciated plaintiff's security; (3) plaintiff-appellant acted persistently in defense of his rights, but, because the proceeding in receivership was void, he was never under any obligation to take legal steps to dissolve the receivership or to compel the receiver to release possession; and (4) the trial court's findings of fact are not supported by evidence, and are contrary to the evidence and to other findings made by the trial court. Plaintiff-appellant further contends the evidence does not support the judgment for defendants, and plaintiff-appellant sustained the burden of proof and should have had, and should now have, judgment under the law and the evidence for the damages shown.

■ In an action at law wherein the trial is had without the services of a jury, an appellate court reviews the case upon both the law and the evidence as in actions of an equitable nature. The appellate court does not set aside the trial court's judgment unless it is clearly erroneous. Section 510.310 R. S. 1949.

■ If we were to here assume the validity of plaintiff's theory of claim of wrongful receivership and ensuing protracted litigation as causing a depreciation of the described property upon which plaintiff had a lien, we are yet confronted by the circumstance of the lapse of the long interval of time between September 10, 1927, when the receiver was appointed and took possession of the property, and the date of the institution of this action, August 7, 1943. Defendant Schooley, among other defenses, including estoppel, pleaded and here-

1124

in contends plaintiff's action is barred by the statutes of limitations, particularly Section 1014 R. S. 1939, Mo. R. S. A. § 1014, Section 516.120 R. S. 1949. With .respect to plaintiff's theory that the receivership was void in its incipience, defendant-respondent Schooley questions the soundness of the trial court's conclusion that the receiver's possession of the real estate during the pendency of the void proceeding should toll the operation of the statute of limitations in its application to the instant action. However, it is not necessary for us to examine this question.

In the instant case, as stated, the trial court found that plaintiff-appellant not only did nothing to challenge the receivership proceeding, but actually participated in and was an active party to the receivership litigation. Does not the evidence justify these findings, and, if so, did not. plaintiff's conduct put him in such a position as to preclude his maintenance of the instant action?

As this court said in United Cemeteries Company v. Strother, supra, 342 Mo. at page 1160, 119 S. W. 2d at page 764, the defendant-appellant (plaintiff-appellant in the instant action) intervened in the receivership suit and filed an answer and cross-petition, and later filed an amended answer and cross-petition. In the amended answer and cross-petition, filed February 21, 1929, plaintiff herein asserted his claim of priority of his lien; alleged the receiver had "not been doing sufficient business" to "justify the continuance" of the business of the defendant, United Cemeteries Company, and there "is no legal or equitable reason for longer delaying the foreclosure of the deed of trust above mentioned and depriving this claimant of his legal and just demands"; and plaintiff herein then prayed the court "to set aside its temporary restraining order heretofore rendered against this claimant and herein referred to, and further prays the court for a decree foreclosing this claimant's purchase price lien and deed of trust on said real estate for the purpose of paying the aforesaid claim and indebtedness and that all the right, title, interest and equity of redemption of the defendant, United Cemeteries Company and all persons claiming by, through and under it, in and to said real estate, be foreclosed and said real estate and the equity of redemption therein - - - be sold by the sheriff or receiver herein, as and for a cemetery and for cemetery purposes or in such other manner as the court may find will best serve the rights and interests of all persons interested therein, and that the proceeds of said sale be applied first, to the payment of costs of foreclosure and next to the payment of the principal and interest of this claimant's said note, and then to the payment of such claims as may be allowed by the court against the said United Cemeteries Company that said receivership be terminated and said receiver discharged, and that this claimant have any and all other just and proper relief in the premises."

Plaintiff-appellant (citing K. C. Oil Co. v. Harvest Oil & Gas Co., 80 Okla. 61, 194 P. 228) urges that, "because the proceedings to obtain the appointment of the receiver were void," plaintiff was under no obligation to "take any legal steps to dissolve the receivership or to compel the receiver to release his possession"; and (citing Colburn v. Yantis, 176 Mo. 670, 75 S. W. 653, in which case the appointment of the receiver was not void, but "erroneous"; and Ex parte Devoy, 208 Mo. App. 550, 236 S. W. 1070, in which case the appointment of the receiver was justified) plaintiff-appellant contends he could not interfere with the circuit court's custody of the *res*, and he was required "to fight it out on the receivership path laid out" by defendants-respondents.

It is true plaintiff, in seeking the adjudication of the priority of his lien and its foreclosure, also sought the termination of the receivership on the ground the business transacted by the receiver did not justify the receiver's continuance of the cemetery business; but plaintiff did not allege or contend, prior to the commencement of the instant action, that the receivership was collusive; nor did he, prior to the second appeal of United Cemeteries Company v. Strother, supra, raise the question of the circuit court's jurisdiction to make the receivership order. See and contrast Link Belt Machinery Co. v. Hughes, 195 Ill. 413, 63 N. E. 186; and also contrast K. C. Oil Co. v. Harvest Oil & Gas Co., supra, wherein the answering defendant, in his cross-petition, alleged the receivership was a scheme and conspiracy, done illegally and without any grounds therefor.

Plaintiff could have sought relief in some independent proceeding. As stated in United Cemeteries Company v. Strother, supra, 342 Mo. at page 1161, 119 S. W. 2d at page 765, a judgment, void for want of jurisdiction of the subject matter, may be set aside and for naught held, even in a collateral proceeding. Furthermore, plaintiff, having intervened in the receivership proceeding, could have then raised the question of the circuit court's jurisdiction of the subject matter, and he could have asserted the receivership was collusive. He could have moved to revoke the order appointing the receiver, and could have appealed should the trial court have overruled the motion. Section 512.020 R. S. 1949. Plaintiff did none of these things. November 16, 1927, when plaintiff intervened and filed answer and cross-petition in the receivership case, he must have been conversant with the allegations of the creditor's bill and the answer of United Cemeteries Company, which bill and answer had been theretofore filed, September 10th; and plaintiff must have known the circuit court's order of the same date, September 10th, recited that the order was "with the consent of all of the parties hereto."

No doubt plaintiff then considered a receiver's services beneficial in preserving the property, pending the adjudication of his own claim of a lien, and its priority and foreclosure. Aside from any

question of limitation of actions, it may be that plaintiff, as he contends, could have stood passively by to await a judicial declaration that the receivership order was void. He did not do that. At the time, plaintiff surely considered the receivership case a proper one in affording him the relief of an adjudication of his claim, its priority and foreclosure. He intervened and became a party to, and participated and prayed and contended for affirmative relief in the receivership case and in the ensuing litigation of the subsequently consolidated injunction and receivership cases, to which consolidation plaintiff consented; and, upon his appeal from the first judgment entered in the consolidated litigation, plaintiff established his claim as preferred, prior or paramount to the claims theretofore filed by other creditors in the receivership proceeding, and he established his right to a judicial foreclosure. In fact, upon the first appeal, plaintiff established his right to all relief for which he was then contending. See again the two cases, United Cemeteries Company v. Strother, supra. It seems plaintiff was not required, as he contends, but voluntarily undertook to "fight it out on the receivership path laid out" by defendants. We mean to say plaintiff deliberately proceeded on the theory the receivership was *valid*.

Having intervened and become a party and having participated in the receivership proceeding without in any way challenging the validity of the receivership order and having utilized the proceeding in the furtherance of his own stated claim for relief, plaintiff was a party to and participated with defendants in the furtherance of the litigation, pending which he now asserts his security became depreciated. We may assume without deciding that, as plaintiff contends, the receivership was wrongful because void from its commencement. And it may be conceded plaintiff by his conduct could not validate the void proceeding. United Cemeteries Company v. Strother, supra (342 Mo. at pages 1162-1163, 119 S. W. 2d at pages 765-766). But plaintiff should not now say the receivership was wrongful. We are of the opinion his conduct should estop the assertion of his claim for recovery in this action against defendants based on the theory the receivership was *void* and wrongful. Manhattan Trust Co. v. Seattle Coal & Iron Co., 16 Wash. 499, 48 P. 333; Texas Steel Co. v. Huey & Philp Hardware Co., Tex. Civ. App., 110 S. W. 2d 964; Link Belt Machinery Co. v. Hughes, supra; 53 C. J., Receivers, § 717, p. 421.

The judgment should be affirmed.

It is so ordered.

PER CURIAM:—Divisional Opinion of VAN OSDOL, C., is adopted as the opinion of the Court en Banc. *Conkling, J.,* concurs in separate opinion; *Hyde, J.,* concurs in separate opinion; *Ellison,*

*C.J.*, and *Dalton, J.*, and *Hollingsworth, J.*, concur and concur in separate opinions of *Conkling* and *Hyde, JJ.*; ■ *Leedy, J.*, concurs and concurs in separate opinion of *Hyde, J.; Tipton, J.*, dissents.

■ CONKLING, J. (concurring).—After the principal opinion in this case by Judge Van Osdol had been filed in Division, and when Division One was considering the motion for rehearing thereafter filed by appellant, it was upon my request that Division One transferred this case to the Court en Banc of its own motion. That request was made because at that time it was not clear to me that the principal opinion had correctly ruled the estoppel question. After the transfer, the parties filed additional briefs and the case has been reargued. Upon further consideration and study of the case, it is my view that the principal opinion correctly ruled all the questions. For the above reasons this brief opinion is filed.

To restate what appears in the principal opinion and in Judge Hyde's concurring opinion would serve no useful purpose. The reasoning of those opinions and the authorities cited therein amply justify the result reached, and are in entire accord with United Cemeteries Company v. Strother, 342 Mo. 1155, 119 S. W. (2d) 762. I think Judge Van Osdol's opinion should be adopted.

■ HYDE, J. (concurring).—I would adopt the opinion of Van Osdol, C., as the opinion of the Court en Banc. I distinguish this case from Link Belt Machinery Co. v. Hughes, 195 Ill. 413, 63 N. E. 186, because there the claimant charged, from the beginning of the receivership, that the creditor, who brought about the receivership, did so wrongfully and in collusion with the debtor and for the purpose of hindering and delaying other creditors. It was held that claimant (for priority on his rent claim) was not estopped, by intervening in the receivership, from recovering from such creditor the amount due him for his rent. However, the claimant alleged in his intervening petition (asking leave to proceed against the property) that the receivership was the result of such fraud and collusion. Thus he was claiming a wrongful receivership from the start. This was likewise true in K. C. Oil Co. v. Harvest Oil & Gas Co., 80 Okla. 61, 194 P. 228, where the question of wrongful receivership was raised in the first pleading by allegations that the receiver was illegally appointed without any grounds and that the "whole receivership was a scheme and conspiracy entered into by plaintiff and defendant," against the answering co-defendant.

The situation of Harbin in this case is very different. Harbin did not claim from the start that this receivership was void. Instead he voluntarily came into it, seeking affirmative relief in it without attacking its validity, and agreeing to, or at least not contesting, the consolidation of the injunction case with it. Furthermore, the in-

junction suit (which was begun before the receivership) was proper because Harbin had no right to foreclose under the power of sale in his trust deed, as Harbin recognized in his petition for a judicial sale and as this Court held in United Cemeteries v. Strother, 332 Mo. 971, 61 S. W. (2d) 907. In that case we said his own acts, in joining in and consenting to the establishment of a cemetery on the land, "furnish the reason for a judicial sale under the sanction and conditions imposed by the court rather than an unrestricted sale under the power contained in the deed of trust." Thus it was the proper injunction case as well as the improper receivership that held up the sale of the land at least until our decision in 1933; and Harbin was properly in court during that period whether he intervened in the receivership case or not. By voluntarily intervening in the receivership case without claiming it was wrongful or void, and thereafter participating in it, for a period longer than the period of statutory limitations for bringing an action for wrongful receivership, without raising the question of its being improper or void, it is my view that he should be held to be estopped. To preserve the issue of wrongful receivership as a basis for a future action, he should have raised that question at the earliest opportunity. It is my view that he raised it too late.