Mary Welday RIPPE, Widow of William Danial Rippe, Deceased, Resident of Pocahontas, Randolph County, Arkansas, Appellant,

v.

Orval C. SUTTER, Public Administrator of St. Louis County, Missouri, Respondent.

No. 45266.

Supreme Court of Missouri.

Division No. 1.

July 9, 1956.

. . Mary Welday Rippe, pro se.

Stamm, Millar, Neuhoff & Campbell, by David Y. Campbell, St. Louis, for respondent.

COIL, Commissioner. · ·

Plaintiff sought $100,000 actual and $200,000 punitive damages on the theory that defendant, as public administrator of St. Louis County, and another, wrongfully, wilfully, and fraudulently conspired to defraud plaintiff of her property. Defendant's motion to dismiss on the grounds that the petition failed to state a claim upon which relief could be granted, that it disclosed on its face that any claim plaintiff might have was barred by the provisions of Section 516.120, RSMo 1949, V.A. M.S., and that the averred claims were res judicata by reason of two prior final adjudications of the same matters between the same parties, was sustained on the last-mentioned ground. Plaintiff has appealed from the final judgment of dismissal.

Defendant's motion to affirm the judgment or to dismiss the appeal for the alleged reason that plaintiff's brief fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S., was submitted with the case. Plaintiff, a lay woman, appeared below and here, pro se. Her brief and supplemental brief have been inartfully prepared and are technically deficient in some respects. Our examination of them convinces us, however, that she has made a sincere effort to comply with our rules. We have the view that there has been no such violation of our Rule 1.08 as to preclude us, under the circumstances, from considering the appeal on its merits. Defendant's motion is, therefore, overruled.

The trial court's stated reason for dismissing plaintiff's petition was that the matters pleaded were res judicata. If the trial court's judgment of dismissal was correct, the stated reason therefor was immaterial. Spiking School Dist. No. 71 v. Purported Enlarged School Dist. R–11, 362 Mo. 848, 859, 245 S.W.2d 13, 16 [2]. Therefore, and in view of our conclusion that the trial court erred in dismissing the petition, we shall consider all three of the grounds specified in the motion.

The petition, apparently drawn by plaintiff herself, contains much that is surplusage and irrelevant. Construing that petition, however, in the light most favorable to her, it fairly may be said that any claim for relief therein stated was upon the theory that defendant and another conspired to defraud her of property which she allegedly had acquired by reason of the alleged fact that she was the widow of William Danial Rippe and his grantee in certain deeds to St. Louis City and County property.

A careful reading of the petition discloses that its averments, in so far as they are pertinent for present purposes, are: that on August 8, 1945, defendant and another schemed and conspired to and by fraud and bribery "swindled" plaintiff of her property in that defendant wrongfully and fraudulently caused the filing of two certain suits against instant plaintiff, one in the City and the other in the County of St. Louis; that the city suit was to void the deeds to property located in the city and the county suit was to annul "the Rippe marriage, to revoke Mr. Rippe's authenticated and recorder Last Will and Testament and to void the Deeds to the County Property"; that on November 10, 1950, the St. Louis County case was adjudicated and the plaintiff's alleged husband's last will was "revoked" and the "Rippe marriage" annulled and "the Deeds voided"; that the judgments adverse to plaintiff in the cases which defendant wrongfully and fraudulently caused to be instituted and maintained were void because their subject matter was not within the jurisdiction of the courts wherein said judgments were entered.

"Plaintiff further states that all of the aforesaid acts of Orval C. Sutter were wrongful, fraudulent, illegal, willful and intentional." Plaintiff then prayed for actual damages of $100,000 and exemplary damages of $200,000.

Included in the petition are quotations from Missouri statutes, citations of Missouri and Arkansas cases, quotations from the United States Constitution, and certain statements of law.

It would appear that the petition, liberally construed, when stripped of its surplus and irrelevant allegations, and when the imperfections of language therein are ignored, Zuber v. Clarkson Const. Co., 363 Mo. 352, 355 [1], 251 S.W.2d 52, 54 [1], essentially avers: that defendant, as public administrator of St. Louis County, and one Rachael Mohrman conspired to defraud plaintiff of property which was hers as the widow of her deceased husband and as grantee in certain deeds; that defendant, by the commission of overt acts to effect the object of the conspiracy, defrauded plaintiff of that property; that defendant's

overt acts were that he wilfully, fraudulently, and wrongfully caused the institution and maintenance of two certain suits which resulted in void judgments which deprived her of the mentioned property; and that those judgments were void because the courts rendering them acted in excess of their respective jurisdictions.

The gist of a civil action based upon a conspiracy is not the fact of the conspiracy but rather the wrong "done by acts in furtherance of the conspiracy resulting in damage to plaintiff." Kansas City v. Rathford, 353 Mo. 1130, 1140 [1], 186 S.W. 2d 570, 574 [1–3]. It is apparent that instant defendant is charged with having wronged plaintiff by his acts in furtherance of the averred conspiracy, viz., in causing the institution and maintenance of two suits which resulted in void judgments which deprived plaintiff of her property.

A judgment rendered by a court without jurisdiction of the subject matter is void and may be attacked collaterally by anyone directly interested therein. Harbin v. Schooley Stationery & Printing Co., 362 Mo. 1118, 1125, 247 S.W.2d 77, 80 [2, 3]. Thus, it would appear that plaintiff would not be precluded from proving, if she can, that defendant's acts in fraudulently and wrongfully causing the institution and maintenance of the two suits proximately caused the rendition of the void judgments, which resulted in plaintiff's being deprived of her property. Therefore, we may not say as a matter of law that the facts stated in plaintiff's petition might not invoke the application of principles of substantive law which would entitle plaintiff to the relief she has sought. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 1252 [5], 194 S.W.2d 25, 28 [4–7].

As heretofore noted, the trial court sustained defendant's motion to dismiss on the stated ground 3 thereof that "The subject matter of plaintiff's purported cause of action set forth in her petition was also the subject matter of two certain causes filed by this same plaintiff against this same defendant, being causes Nos. 202363 and 205796 of the causes of this Court, in Division No. 5 thereof, wherein the Court entered final judgment against this same plaintiff and in favor of this same defendant in both said causes, dismissing both said causes with prejudice." The only record recitals pertaining to defendant's motion to dismiss are these: "Thereafter and on October 7, 1955, Motions of Plaintiff and defendant were argued before the Court" and "Thereafter and on October 7, 1955, The Defendant's Motion to Dismiss was sustained by the Court as to Paragraph 3 thereof, and plaintiff's petition was dismissed with prejudice at her costs." It will be noted that the foregoing entries do not disclose that *any evidence* was adduced by defendant in support of the allegations of paragraph 3 of his motion. The court files reflecting the pleadings and judgments of the cases specified by number in paragraph 3 of the motion are not before us either as a part of the transcript or otherwise. The transcript filed here has been approved by both appellant and respondent as *the* transcript on appeal. Under the circumstances, and because we are bound by the record before us, we must assume that *no evidence* was adduced at the time the motions were argued and consequently no proof was before the court to justify the sustention of the motion on the ground of res judicata. Although res judicata may be raised by a motion to dismiss, the allegations of the motion do not prove themselves. Res judicata is an affirmative defense and evidence to support the defense, even though raised in a motion to dismiss, must be adduced. Hamilton v. Linn, 355 Mo. 1178, 1181 [5] [6] [7], 200 S.W.2d 69 [5, 6], [7], [8].

It may well be that the trial court in fact ruled the motion only after examining the files of his court (located in another division thereof), and it may be that the trial

court took judicial notice of those records. The difficulty is, however, that nothing in the transcript enables us to determine what it was the trial court judicially noticed, and, consequently, to determine whether the matters of which the court may have taken judicial notice did cause the issues in the instant case to be res judicata. Nor does the factual situation here enable us to apply a presumption of right action on the part of the trial court. That is because, as we have heretofore noted, the record by which we are bound does not even indicate that *any evidence* was adduced. We are forced to conclude, therefore, that the trial court erred in dismissing the petition on ground 3 of defendant's motion, even though it may be that on remand it will appear that defendant's allegations as to res judicata are in fact sustained by the records in the numbered cases specified in paragraph 3 of defendant's motion.

As noted, defendant also alleged in his motion as paragraph 2 thereof that: "Plaintiff's petition discloses on its face that the purported claim alleged in the petition accrued, if at all, in plaintiff more than five years prior to the date of the filing of the petition herein, to-wit: Prior to on or about June 16, 1950, and by reason thereof, plaintiff's purported cause of action or claim is barred by the provisions of Section 516.120, of the Revised Statutes of Missouri, 1949 [V.A.M.S.]."

Plaintiff alleged that the void judgment in the suit which defendant wrongfully caused to be filed in St. Louis County was entered on November 10, 1950. The instant action was instituted on June 17, 1955. If plaintiff's claim did not accrue until final judgment in that suit, then it is apparent that plaintiff's present action is not barred by the five-year statute, Section 516.120 RSMo 1949, V.A.M.S.

Section 516.100 provides in part that for the purposes of applying the provisions of Section 516.120 "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of * * * duty occurs, but when the damage * * * therefrom is sustained and is capable of ascertainment * * *." The general rule, however, is that a statute of limitations begins to run when the cause of action accrues, and that "accrual" occurs at the time when a breach of duty has occurred or wrong sustained as will give the right to the injured party to bring and maintain an action. The aforequoted statute does not change the general rule that "when an injury is complete as a legal injury at the time of the act, the period of limitation will at once commence; [and] if the action is of a nature to be maintained without proof of actual damage, the period of limitation will begin to run from the time the act is done without regard to any actual damage, * * * but * * * when the act which gives the cause of action is not legally injurious until certain consequences occur, then the period of limitation will take date from the consequential injury. * * * the injurious consequences or resulting damages which bring about the accrual of the cause of action are the indispensable elements of the injury itself, and not mere aggravating circumstances enhancing a legal injury already inflicted, * * * and * * * the resulting damage is sustained and is capable of ascertainment within the contemplation of the statute whenever it is such that it can be discovered or made known." Allison v. Missouri Power & Light Co., Mo.App., 59 S.W.2d 771, 773.

It has been held that the period of limitation in a civil action for damages based on conspiracy begins to run upon the occurrence of the last overt act charged *resulting in damage to plaintiff*. Kansas City v. Rathford, supra, 186 S.W.2d 577 [21].

We have the view that an indispensable element of the particular claim

asserted by plaintiff was her sustention of damage. As we see it, plaintiff had no claim or cause of action against defendant until and unless the wrongful institution and maintenance of the suits resulted in damage to her. That must be true, because, irrespective of how fraudulent or wrongful defendant's acts in causing the institution and maintenance of the suits may have been, no right of plaintiff was violated unless defendant's acts of institution and maintenance proximately contributed to cause her to not receive property that was rightfully hers. So that in this action, as in actions for fraud and deceit, Lammers v. Greulich, Mo., 262 S.W.2d 861, 864 [2] [3] [4], pecuniary loss constituted an indispensable part of the claim asserted by plaintiff. It would appear that the only way plaintiff could prove that defendant's overt acts in wrongfully causing the institution and maintenance of the two suits caused plaintiff damage (in the absence of allegations of fraud in the procurement of the judgments) is to prove that the judgments entered were void (for lack of jurisdiction of the subject matter) and that plaintiff was deprived of property rightfully hers as a result of those void judgments. Now, plaintiff could not have made that proof until there was a judgment. Thus, our conclusion is, under the facts here, that no claim or cause of action accrued to plaintiff until the rendition of the final judgments.

The petition does not allege when a final judgment was rendered in the city suit; it does allege that the trial court's judgment was entered in the county suit on November 10, 1950 (within five years prior to the filing of the instant petition). We may not hold, therefore, that the petition shows on its face that the claim asserted is barred by Section 516.120.

It follows that the trial court erred in dismissing plaintiff's petition and the judgment is reversed and the case remanded for further proceedings therein.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM: The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.