**Henry F. CLASSE, Appellant,**

v.

**Fairs & Evelyn DALTON, Respondents.**

**No. 48801.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1985.

James A. Stemmler, St. Louis, for appellant.

Fairs Dalton, pro se.

REINHARD, Chief Judge.

Plaintiff sued for damages to personal property. The trial court sustained defendants' motion to dismiss, and plaintiff appeals. We reverse and remand.

The record on appeal consists only of the petition, defendant's motion to dismiss, the court's order sustaining the motion, the docket sheet minute entries, and the notice of appeal.[1] Plaintiff's petition refers to no other case. However, defendants moved to dismiss the action for the sole reason that "it arises out of an occurrence that has already been litigated in the cause of Fairs Dalton and Evelyn Dalton vs. Henry F. Classe, cause number 220, which was disposed of in the Circuit Court of Jefferson County, Missouri, on or about the 9th day of December, 1977." No affidavit or other accompanying documents appear. The trial court entered the following order on defendant's motion: "Defendant's Motion to Dismiss, heretofore argued to and considered by the Court, is sustained."

This case is controlled by *Rippe v. Sutter*, 292 S.W.2d 86 (Mo.1956). In *Rippe v. Sutter*, the trial court heard argument and then sustained the defendant's motion to dismiss on res judicata grounds. In its order, the trial court referred to the prior actions on which its order was based. However, no evidence of the prior actions was adduced on the record. In reversing the trial court's order of dismissal, our Supreme Court stated:

[B]ecause we are bound by the record before us, we must assume that *no evidence* was adduced at the time the motions were argued and consequently no proof was before the court to justify the sustention of the motion on the ground of res judicata....

It may well be that the trial court in fact ruled the motion only after examining the files of his court ..., and it may be that the trial court took judicial notice of those records. The difficulty is, however, that nothing ... enables us to determine what it was the trial court judicially noticed, and, consequently, to determine whether the matters of which the court may have taken judicial notice did cause the issues in the instant case to

---

1. Defendants Dalton have filed no brief on this appeal.

be res judicata. Nor does the factual situation here enable us to apply a presumption of right action on the part of the trial court. That is because ... the record by which we are bound does not even indicate that *any evidence* was adduced. We are forced to conclude, therefore, that the trial court erred in dismissing the petition.

292 S.W.2d at 89–90.

As in *Rippe*, we conclude from the record that the trial court erred in dismissing the action because there was no evidence to support the dismissal.

Reversed and remanded for further proceedings.

DOWD and CRANDALL, JJ., concur.