George **MILLER**, Jr., and LaVona Miller, Appellants,

v.

Wallace and Peggy **ENYEART**, Respondents.

No. WD 49731.

Missouri Court of Appeals, Western District.

March 7, 1995.

---

Karl L. Madden, Jr., Moberly, for appellants.

Dale Linneman, Keytesville, for respondents.

Before KENNEDY, P.J., LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

The plaintiffs appeal the trial court's denial of their motion to set aside dismissal.

On October 13, 1993, plaintiffs, George and LaVona Miller, filed a petition against the defendants, Wallace and Peggy Enyeart, for ejectment, quiet title and reformation of a written instrument. On November 18, 1993, the defendants filed a motion to dismiss, alleging four grounds. On March 10, 1994, the trial court granted the motion to dismiss without stating any specific grounds for its action.

On April 7, 1994, the plaintiffs filed a motion to set aside dismissal. Oral arguments were held on May 5, 1994. The trial court denied the plaintiffs' motion on July 13, 1994. On July 18, 1994, the plaintiffs filed their Notice of Appeal of that decision.

As to the defendants' sole argument on appeal, they claim that we have no jurisdiction to hear this appeal because it was not timely filed. This determination depends on whether the plaintiffs' motion to set aside dismissal can properly be considered a motion for new trial.

According to Rule 75.01, the trial court retains control over judgments for thirty days after the entry of judgment. If that thirty-day time period expires and no action has been taken by the trial court to vacate, reopen, correct, amend or modify the judgment, the judgment becomes final. The defendants claim that because the trial court did not rule on plaintiffs' motion to set aside prior to the expiration of thirty days, the judgment became final on April 11, 1994. Therefore, the argument continues, because the plaintiffs did not file a notice of appeal within ten days of the judgment becoming final, this appeal is untimely and should be dismissed. The plaintiffs argue that their notice of appeal was filed in a timely manner

because their motion to set aside the dismissal was really a motion for new trial.[1]

Missouri Supreme Court Rule 81.04(a) states that the notice of appeal shall be filed within ten days after the judgment appealed from becomes final. Rule 81.05 discusses the finality of judgments as affected by after-trial motions. Rule 81.05(a) states in relevant part:

> For the purpose of ascertaining the time within which an appeal must be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed.... In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the later of thirty days after entry of judgment and the date of disposition of said motion.

Therefore, the date on which the judgment became final depends on whether the motion to set aside can appropriately be considered a motion for new trial.

A motion for new trial is a motion directed toward errors of fact or law in the trial. *Brown v. Beeney,* 756 S.W.2d 940, 942 (Mo.App.1988) (*citing* Rule 78.07). The plaintiffs' motion to set aside challenges the trial court's order to dismiss. Since the court's order did not specify upon which of the four grounds advanced by the defendants the dismissal was based, the plaintiffs' motion submitted that the trial court had erred in dismissing their cause of action on any of the four grounds. As the motion raised errors of fact and law alleged to have been made by the trial court, it is, in substance, a motion for a new trial, regardless of how it was denominated. *See Taylor,* 854 S.W.2d at 393; *Brown,* 756 S.W.2d at 942.

The trial court dismissed the plaintiffs' cause of action on March 10, 1994. The

1. Rule 81.05(a) states that "[a]uthorized after-trial motions shall be treated as ... a new trial motion for the purpose of ascertaining the time within which an appeal must be taken...." A motion to set aside dismissal is not an "authorized after-trial motion" because it is not "a

motion for which the rules expressly provide." *Taylor v. United Parcel Serv., Inc.,* 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993). However, the title of a motion is not dispositive. It is its actual status which is determinative.

plaintiffs timely filed their motion for new trial on April 7, 1994.[2] The motion was not ruled upon by the trial court within ninety days of the filing of the motion.[3] Therefore, the motion was denied by operation of law and the trial court's order of dismissal became final on July 6, 1994. Under Rule 81.04(a), the plaintiffs had ten days to file their notice of appeal. Since the tenth and eleventh days, July 16 and July 17, were, respectively, a Saturday and a Sunday, the plaintiffs' notice of appeal was timely filed on Monday, July 18, 1994. *See* Rule 44.01(a). This court has jurisdiction to hear the appeal.

■ Having disposed of the jurisdictional issue, we now turn to the merits of the appeal. The defendants, in their motion to dismiss, raised four grounds: (1) that the petition failed to state a cause of action; (2) that the plaintiffs were not the record owners of the property at the time the wrongful acts were alleged to have occurred; (3) that the action is barred by the five-year statute of limitations; and (4) that this same cause of action had been brought by the previous owner and dismissed by the court. The court sustained the motion without naming the specific ground upon which its decision was based. The plaintiffs, therefore, addressed all four grounds in their first four points relied on. The defendants, however, did not respond to any of those points in their brief or in oral argument, even upon direct questioning by the court. While the defendants did file an appellate brief, they omitted these points and relied solely on their challenge to the timeliness of the notice of appeal. While respondents are not required to file a brief, it is the policy of the courts of this state to encourage both parties to aid the court in arriving at a proper decision. *Quinn v. St. Louis Pub. Serv. Co.,* 318 S.W.2d 316, 319 (Mo.1958).

■ When the trial court sustains the defendant's motion to dismiss without stating the basis for that decision, we will presume that the dismissal was based on one of the grounds stated in the motion to dismiss. *Berkowski v. St. Louis County Bd. of Election Comm'rs,* 854 S.W.2d 819, 823 (Mo.App. 1993). We will affirm the trial court's decision if the dismissal can be sustained on any ground supported by the motion to dismiss. *Id.*

■ The first ground raised in the defendants' motion to dismiss is that plaintiffs failed to state a cause of action upon which relief could be granted. We reviewed the petition filed by the plaintiffs to determine whether the facts pled in the petition and the inferences reasonably drawn therefrom state any ground for relief, treating the facts averred as true and construing all allegations liberally and favorably to the plaintiff. *Brown v. St. Louis County,* 792 S.W.2d 398, 401 (Mo.App.1990). We are satisfied that the petition states a cause of action for ejectment, quiet title and reformation of a written instrument. *See Flaspohler v. Hoffman,* 652 S.W.2d 703, 708 (Mo.App.1983) (reformation); *Lawson v. St. Louis–S.F. Ry.,* 629 S.W.2d 648, 649 (Mo.App.1982) (ejectment); *Howard v. Radmanesh,* 586 S.W.2d 67, 68 (Mo.App. 1979) (quiet title).

■ The second ground raised in the defendants' motion to dismiss was that the plaintiffs were not the record owners of the subject real property at the time the alleged acts of the defendants were said to have occurred. However, during oral arguments, the defendants conceded that plaintiffs were the proper successors in interest to the prior landowner.

■ The defendants next claimed in their motion to dismiss that the five-year statute of limitations barred the present action. However, the actions raised by the plaintiffs' petition are governed by the ten-year statute of limitations contained in § 516.010, RSMo

---

**2.** In a court-tried case, a motion for new trial may be filed not later than thirty days after the entry of judgment. Rule 73.01(a)(4) (as amended effective January 1, 1994).

**3.** The parties agree that the July 13, 1994 ruling by the trial court denying the plaintiffs' motion to set aside the dismissal was a nullity as it was not rendered within ninety days.

1986, rather than by the five-year statute argued by the defendants.

As the final ground in their motion to dismiss, the defendants stated:

That this cause of action attempted to be alleged in Plaintiffs' petition, and each count thereof, was judicially dismissed by Order of this Court dated May 7, 1992, when the exact pleadings were before this Court in a cause of action by George Miller Sr.

Although not specifically referred to as such, it appears that the defendants were claiming that the plaintiffs' suit was barred by *res judicata*. The record on appeal shows that all the trial court had before it when it considered the motion to dismiss was the plaintiffs' petition and the defendants' verified motion. The trial court made the following docket entries:

2/10/94 Parties appear by attorneys. Court considers Motion to Dismiss and passes case to March 10, 1994.

3/10/94 Court again takes up and considers Motion to Dismiss and sustains same and orders case dismissed and taxes costs to Plaintiff. Clerk to notify attorneys.

 *Res judicata* may be raised by a motion to dismiss, but the allegations of the motion do not prove themselves. *Rippe v. Sutter*, 292 S.W.2d 86, 89 (Mo.1956). Since *res judicata* is an affirmative defense, evidence to support the defense must be adduced. *Id.* The record before us, by which we are bound, indicates that the only evidence adduced in support of the motion to dismiss was the defendants' allegation, contained in the verified motion, that suit had been previously filed and dismissed by another party. This, without more, is insufficient to establish *res judicata*. There is nothing inherently wrong with a case that has been filed, dismissed and refiled.

It may well be that the trial court in fact ruled the motion only after examining the files of his court ... and it may be that the trial court took judicial notice of those records. The difficulty is, however, that nothing ... enables us to determine what it was the trial court judicially noticed, and, consequently, to determine whether the matters of which the court may have taken judicial notice did cause the issues in the instant case to be res judicata. Nor does the factual situation here enable us to apply a presumption of right action on the part of the trial court. That is because ... the record by which we are bound does not even indicate that *any evidence* was adduced. We are forced to conclude, therefore, that the trial court erred in dismissing the petition.

*Classe v. Dalton*, 688 S.W.2d 396, 396–97 (Mo.App.1985) (*quoting Rippe*, 292 S.W.2d at 89–90). We conclude that there was insufficient evidence before the court to support the dismissal of the action.

The trial court's order of dismissal is reversed and the cause is remanded for further disposition.

All concur.